[No. 9647.    Department Two. — April 20, 1887.]

## GEORGE HEARST, RESPONDENT, v. WILLIAM DENNISON, APPELLANT.

NEW TRIAL — FRAUDULENT STATEMENT — REFUSAL TO SETTLE — APPEAL. — An order refusing to settle a proposed statement on motion for a new trial, on the ground that the same is so grossly inaccurate as to be a mere pretense and fraud, conceding it to be appealable, will not be reviewed on appeal, when the record fails to show that the proposed statement is not fraudulent.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, from an order refusing to settle a statement on motion for a new trial, and. from an order refusing a new trial.

The facts are stated in the opinion of the court.

*L. Quint,* and *B. B. Newman,* for Appellant.

*Edward Lynch,* for Respondent.

McFARLAND, J. — This is an action for unlawful detainer of land after non-payment of rent. Plaintiff had judgment in the court below, and defendant appeals, — 1. From the judgment; 2. From an order of the judge of the lower court refusing to settle a proposed statement on motion for new trial; and 3. From an order denying a motion for new trial.

1. The judgment roll shows no error, and the appeal from the judgment has no merits.

2. The transcript contains a bill of exceptions, which shows that after appellant had served and filed a notice of motion for a new trial, he served and presented to the judge, within the proper time, a document which commenced with the words, " Defendant's draft of his proposed statement on motion for a new trial." To this document, and to its settlement by the judge, respondent objected, and moved that the judge refuse to settle the same upon the ground that it was not " a draught of nor a statement of the case in the above-entitled action." The bill of exceptions shows that appellant's attorney admitted that said proposed statement "was incorrect and erroneous," but does not show that appellant was " in any way prevented from making a fair or substantially truthful statement of the case." After a full hearing of the matter, the court made an order refusing to settle the statement, "on the grounds that said proposed statement on motion for a new trial is not a statement of the case, or of any case herein, and is grossly incorrect, and that no draught of the statement of the case, or of any case herein, or a copy of said draught, has been made or prepared, or served herein at any time." From this order defendant appeals.

If this document, named "draught of *his* proposed statement," is a mere pretense and fraud; if it is so grossly untrue or so foreign to the real history of the case as to come within no reasonable meaning of " a statement of the case," as used in the code,—then the judge of the court below was right in disregarding it. It is the duty of a judge to "settle" a statement, not to make one. And there is nothing in the record to show that the proposed draught was not a sheer fraud. There is nothing before us upon which we can review the order. Indeed, it is doubtful if an appeal lies at all from such an order. If a judge refuses to settle a *bona fide* statement, he may

be compelled to settle it upon *mandamus,* or by the proceeding provided in section 652, Code of Civil Procedure. In such a proceeding, the reporter's notes, or other evidence of the real facts of the case, can be brought before this court. But whether or not an appeal would lie, there is nothing in the record in the case at bar from which we can determine that the court erred in making the order appealed from.

3. There being no statement, there is nothing to review on the appeal from the order denying the motion for a new trial.

Judgment and order affirmed.

Thornton, J., and Sharpstein, J., concurred.