[No. 13002. In Bank.—February 18, 1889.]

IN THE MATTER OF THE ESTATE OF WILLIAM H. MOORE, DECEASED. THOMAS W. MOORE, ADMINISTRATOR, PETITIONER, v. JUDGE OF SUPERIOR COURT OF SANTA CRUZ COUNTY, RESPONDENT.

BILL OF EXCEPTIONS—INSERTION OF DOCUMENTS—SETTLEMENT IN SUPREME COURT.—It is a complete answer to an application to this court to settle a bill of exceptions on account of the refusal of the judge who tried the case to settle the same in accordance with the facts, that the papers and documents which this court is asked to insert were not offered in evidence upon the trial. The fact that some of the papers were commented upon in the court below is insufficient to require their insertion, if they were not offered in evidence.

REMOVAL OF ADMINISTRATOR — DOCUMENTARY EVIDENCE OF LITIGATION. — Upon the trial of a proceeding to remove an administrator for failure to file his final account, when the defense is prolonged and undetermined litigation with the widow of the decedent, the court is not bound as matter of law to examine and consider all the papers of the estate, and those pertaining to the different branches of the litigation, unless the same are offered in evidence by the administrator.

APPLICATION to the Supreme Court for the settlement of a bill of exceptions against Hon. P. W. Keyser, acting judge of the superior court of Santa Cruz County.

*Hall & Rogers*, for Petitioner.

*Charles B. Younger*, for Respondent.

WORKS, J.—Application to this court to settle a bill of exceptions on the ground that the court below has refused to insert certain records, papers, and documents therein.

The petitioner was the administrator of the estate of Moore, and was, by order of the court below, removed from his trust. One of the grounds of the petition for his removal was, that he had failed to file his final account as required by law. In his answer he admits that he has not filed his final account, but alleges as an excuse for not doing so that the estate had been in litigation for nearly ten years with the widow of the estate, and that said litigation is not yet ended. The matter sought to be inserted in the bill of exceptions, by this proceeding, consists of the pleadings, papers, and proceedings in the different branches of the litigation between the estate and the widow referred to in the answer. The judge of the court below, for answer to the petition, alleges that the papers and records aforesaid " were not, nor was any part thereof read, offered, or used in evidence on the trial of said proceeding for the removal of the administrator of said estate, nor was any exception, in any wise relating thereto, taken by said petitioner at said trial." This is conceded by the peti-

tioner, and is a complete answer to the petition. The office of a bill of exceptions is to present to this court the proceedings of the court below. Only such evidence can be inserted therein as was heard by the court, or offered and excluded. To permit an appellant to insert in his bill of exceptions any matter of evidence not actually heard by the lower court would work great injustice both to the court and to the opposite party. It would present to this court a case which might be entirely different from the one presented to and decided by the court below.

It is argued on behalf of the petitioner that the papers and records referred to were a part of the proceedings in the settlement of this same estate, and that for that reason it was the duty of the court to examine and consider them in determining the question whether the administrator should be removed or not, and that this court should presume that they were so examined and considered. We cannot accede to this view. Such a rule would leave the lower court no guide in making up a bill of exceptions, and lead to utter confusion. A party who desires that any item of documentary evidence shall be considered by the court must call the attention of the court to it, and offer it in evidence. In no other way can it be regarded as a part of the evidence, independent of some stipulation of the parties. It need not be read in evidence, but must necessarily be offered, and thereby brought to the attention and consideration of the court. By no other means can the practice in this particular be made certain and uniform. Nor can we say as matter of law that the court was bound, in passing upon this question, to examine and consider all of the papers in the estate.

Again it is claimed that some, if not all, of these papers were commented upon at the argument below, and that they were thereby called to the attention of the court, and should, for that reason, be inserted in the bill

of exceptions.  But this will not do.  Such a practice would lead to just what has taken place here, a controversy between opposing counsel as to what, if anything, was so referred to.

For the reasons given, the application is denied.

BEATTY, C. J., SHARPSTEIN, J.. McFARLAND, J., and THORNTON, J., concurred.