[No. 13680. In Bank. — June 13, 1890.]

WILLIAM J. LANDERS ET AL., PETITIONERS, v. F. W. LAWLER, JUDGE, RESPONDENT.

MANDAMUS — INSUFFICIENT PETITION — SETTLEMENT OF BILL OF EXCEPTIONS. — A petition for a writ of mandate to compel the settlement of a bill of exceptions, in the form of an affidavit, not purporting to be made by or for a party in interest, and without any title of the court or cause, and not showing out of what court it is desired that the writ issue, is wholly insufficient, and ought not to be filed in this court, and cannot justify the issuance of a writ of mandate thereon.

ID. — DRAUGHT OF BILL OF EXCEPTIONS — AUTHENTICATION — REQUEST FOR ALLOWANCE. — A draught of a bill of exceptions must be authenticated by the signature or indorsement of the attorney presenting it, or of the party, if he appears in person; and should contain a request of the party presenting it for the allowance of the bill, that it may be made matter of record that such request was made; and unless such draught shows that it is one prepared and presented by a party to the cause, it need not be noticed as a paper upon which the judge or any of the counsel in the cause are called upon to act.

APPLICATION to the Supreme Court for a writ of mandate to F. W. Lawler, judge of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*D. L. Smoot*, for Petitioner.

*T. I. Bergin*, for Respondent.

Fox, J. — An alternative writ of mandate was issued out of this court, commanding the respondent to settle,

allow, and certify a bill of exceptions proposed on behalf of defendants in the above-entitled cause, or show cause before this court why he did not do so. The judge answers, and for cause shows that no proposed bill of exceptions has ever been presented to him for settlement and allowance.

The paper filed here, denominated a petition for the writ, upon examination appears to be an affidavit, with venue laid in the city and county of San Francisco, concluding with a prayer that a writ of mandate be issued, commanding the respondent to certify and allow a certain bill of exceptions, a copy of which is thereto annexed, or show cause before the supreme court of the state of California why he has not done so, etc. It is not entitled, either in its heading, body, or indorsement, or elsewhere, in this or any other court, and is not addressed to this or any other court, nor does it appear out of what court it is desired that the writ shall issue.

Such a paper ought not to have been filed in this court, and it was an inadvertence to have issued any writ or process upon it. It is sworn to before a notary public, in the usual form of an affidavit, but is not verified in the form required by law for the verification of pleadings, and is not sworn to by a party in interest, or by anybody purporting on the face of the paper to be acting for or in behalf of a party in interest, and is neither signed nor indorsed by any one acting as attorney for the petitioners or for any party in the cause. Had these defects been noticed at the time, the writ certainly would not have been issued; but the case being now submitted upon its merits, we look into them, and find it equally defective there.

The original of the proposed bill of exceptions, a copy of which is annexed to the affidavit, was presented at the hearing. It bears the simple initials of the judge, said to be in his handwriting, and probably put there for the purpose of enabling him at any future time to iden-

tify the paper as one that he had seen before. It is indorsed on the back, "Defendant's bill of exceptions," but upon its face there is nothing whatever to indicate by whom or in whose interest it was prepared. It shows upon its face that it was not prepared at the time of the action to which exception was taken. That action was had August 16, 1889. This paper bears date August 26, 1889, and bears this indorsement: "Received within document this August 26, 1889," signed by plaintiff's attorney. The paper itself contains no prayer or request that it be allowed or certified as a bill of exceptions, and has no signature or indorsement of any kind to indicate by whom it is prepared or offered. It was a paper which anybody might present, but for which nobody would be responsible. It was not a paper upon which the judge, or any of the counsel in the cause, were called upon to act, or to which they were required to give any attention. Such a paper must be authenticated in some form, either by the signature or the indorsement of the attorney, or of the party, if he appear in person. It was an attempt to have the judge make a solemn record in the cause, in a matter whereof no record is ever made except at the request of a party to the action, and it is the duty of the party desiring such a record to make it matter of record that he did so request.

The statute itself requires (Code Civ. Proc., sec. 650) that the party desiring a bill of exceptions certified and allowed shall "prepare draughts," etc. When such a paper is served upon opposite counsel, or presented to the judge, it is no draught, unless upon its face or by proper indorsement it shows that it is one prepared and presented by a party to the cause. It is only waste paper, and no one need notice it.

The writ must be dismissed. So ordered.

McFARLAND, J., SHARPSTEIN, J., PATERSON, J., and WORKS, J., concurred.