[Civ. No. 6197. First Appellate District, Division One.—March 27, 1928.]

FAIRBANKS, MORSE & COMPANY (a Corporation), Petitioner, v. SUPERIOR COURT OF FRESNO COUNTY, Respondent.

Everts, Ewing, Wild & Everts and A. W. Carlson for Petitioner.

Carl E. Lindsay for Respondent.

KNIGHT, J.—Petitioner applies for a writ of mandate for the purpose of compelling respondent to allow petitioner to amend a document theretofore served and filed by petitioner as a draft of a bill of exceptions. The question as to whether or not the peremptory writ should be granted is raised by respondent's demurrer to the petition.

The following facts appear from the allegations of the petition: On April 1, 1916, Pearl Meeker and William McGuire commenced an action against petitioner and Samuel Bowen in the Superior Court in and for the county of Fresno for the conversion of certain drilling machinery and equipment, and after a lapse of five years the action was brought to trial. On October 31, 1921, the court ordered judgment for the plaintiffs therein, but on the same day set aside the submission and granted an order to take further testimony upon the issue of the value of the property alleged to have been converted. The action was then allowed to lie dormant for another five years, at the end of which time, to wit, on January 28, 1927, an order of reference was applied for and granted directing a court commissioner to take the testimony relating to the value of the property which the court indicated in 1921 had been converted. Following the taking of such testimony, and on June 10, 1927, the report of the commissioner was adopted by the court and on June 24, 1927, findings and judgment were entered in favor of plaintiffs and against petitioner, the action having been previously dismissed as to the defendant Bowen. A motion for a new trial was thereafter denied, and on August 25, 1927, petitioner appealed from the judgment. On September 24, 1927, the last day granted under the court's order extend-

ing time, petitioner served and filed its draft of a bill of exceptions, which was later presented to the trial judge for settlement. ■ Plaintiffs in the action offered no amendment thereto, contending that the document presented did not contain any of the essentials of a proposed bill of exceptions and was not even a skeleton bill. This contention was upheld by the trial judge, whereupon petitioner offered to amend said draft, but the trial judge declined to entertain such offer, and on November 8, 1927, refused to settle the same as presented. This proceeding was thereupon instituted, not for the purpose of directing a certification of the document as presented, but, as indicated, to compel respondent to allow petitioner to amend and revise the same. The allegations of the petition in this respect are that petitioner ''verily believes that there is a sufficient skeleton or structure in said proposed bill of exceptions to allow amendments thereof . . . ; that because of the refusal of the said respondent herein to allow your petitioner to offer amendments . . . petitioner is deprived of the right to appeal from the said judgment . . . ''; and that petitioner is without a remedy in the ordinary course of law to compel respondent ''to allow your petitioner herein to offer amendments to the said proposed bill of exceptions. . . . '' The prayer of the petition is that the writ issue compelling respondent to show cause ''why he will not allow amendments to said proposed bill of exceptions.''

■ The purpose of a bill of exceptions, as the authorities hold, is to preserve a record of the rulings and decisions of the trial court for the benefit of the appellate tribunal (*Bedan* v. *Turney*, 99 Cal. 649 [34 Pac. 442]; *In re Moore*, 78 Cal. 242 [20 Pac. 558], and the Code of Civil Procedure requires that the draft of the bill shall contain all of the exceptions and proceedings taken upon which the party relies (sec. 650). ■ Although no particular form of exception is necessary, still when the exception is to the decision upon the ground of the insufficiency of the evidence to justify it, the objection must specify the particulars in which such evidence is alleged to be insufficient; and the objection must be stated with so much of the evidence or other matter as is necessary to explain it; however, only the substance of the reporter's notes of the evidence need be set forth (sec. 648); furthermore, the proposed draft must be au-

thenticated in some form either by indorsement of the attorneys or the parties preparing the same (*Landers* v. *Lawler*, 84 Cal. 547 [24 Pac. 307]).

A copy of the draft presented in the present case is attached to the petition herein. It consists of copies of the following documents: the pleadings, decision, and judgment in the action; notice of and undertaking on appeal; notice of intention to move for a new trial and notice of denial of the motion; written objections to the cause being set for trial, dated May 7, 1926; notice of motion of petitioner and its co-defendant, dated January 27, 1927, to dismiss said action for want of prosecution and two affidavits supporting said motion; then follows several typewritten pages headed "Testimony of witnesses at the trial," and at the end of the draft is inserted a copy of a lease signed by Clara Curry as guardian of Pearl Meeker, a minor, William L. McGuire and C. H. Holbrook, Jr.

It is evident from an inspection of the draft that as served and filed it wholly failed, for several reasons, to comply with well-established legal requirements. It did not purport to be a statement of the proceedings which took place before the trial court, nor was any attempt made whatever to set forth therein, as the code requires, any of the exceptions or proceedings taken at the trial upon which petitioner would rely on appeal. The insertion of copies of the documents constituting a portion of the judgment-roll, and of the notice of appeal and undertaking, was not essential to nor did any of them properly form a part of the bill of exceptions (*In re Robinson*, 106 Cal. 493 [39 Pac. 862]; *White* v. *White*, 112 Cal. 577 [44 Pac. 1026]); and regarding the written objections to setting the cause for trial and the motion to dismiss for want of prosecution, the proposed draft does not show that either was ever filed, presented, or ruled upon; nor does it show in what manner, if at all, the copy of the lease inserted at the end of the draft was used in connection with the case. Moreover, two of the grounds urged in support of the motion for a new trial were: errors of law occurring at the trial and excepted by the defendant, and insufficiency of the evidence to justify the decision and that it was against law; and no assignments of error or specifications of insufficiency of evidence are in-

corporated in the proposed draft. Neither was the draft at the time of its presentation authenticated in any form; however, the court subsequently granted petitioner's request to sign the same.

As to the section of said draft relating to the testimony of the witnesses, a reading thereof discloses that instead of being a recital in the usual narrative form of the testimony adduced at the trial, the narratives it does contain consist merely of statements prepared by persons claiming to have been witnesses at the trial as to their recollections of the nature of the testimony given by them, or of their recollections of transactions connected with the case and not testified to, and in some instances of statements made by persons present at the trial as to their recollections of what other witnesses testified to; and interwoven in these narratives are the opinions of said witnesses as to the weight and effect of the testimony they had given, such as the following: "That he offered certain documentary evidence in support of this statement"; "All of this testimony went to show that machinery and equipment was in a very dilapidated condition," etc.; "He testified further in corroboration of the testimony of Robert M. Cook as to the dilapidated condition of the machinery"; "I cannot exactly recall what my testimony was at the time of the trial with reference to an accounting made by Fairbanks, Morse & Company to me of the property sold, but I recall . . . ," etc.; also "To the best of my recollection I was of the opinion that the Creme Petroleum Company had every right to dispose of the personal property on the premises and that the Creme Petroleum Company itself would have done so had not Fairbanks Morse & Company levied the attachment." Moreover, no attempt whatever was made to insert any part of the evidence offered or received in support of plaintiff's case nor even to mention the fact that any such evidence was adduced.

In explanation of the incomplete form in which the draft was presented for settlement, the petition alleges that the phonographic reporter officiating at the trial of the action in 1921 died in October, 1925, which prevented petitioner from obtaining a transcript of the testimony; that consequently petitioner endeavored to prepare a record by locating the various witnesses who testified at the trial and

having them set forth in affidavit form a *résumé* of the testimony they had given, but that the last affidavit was not received by petitioner until September 24, 1927, which was the last day granted by the court on which to serve and file the draft of said bill. It appears from the draft proposed, however, that petitioner intended to raise the question of the insufficiency of the evidence as to the two main issues of fact in the case, namely, petitioner's liability for the alleged conversion and the value of the property alleged to have been converted. The former issue was in effect decided by the court adversely to petitioner in the year 1921, and although approximately four years elapsed thereafter before the death of the reporter occurred, no reason is assigned why, during that period of time, petitioner could not have obtained a transcript of the testimony upon that issue to protect itself in the event it concluded to appeal; and although the testimony relating to the latter issue was taken before a commissioner in 1927, the petition fails to disclose why a transcript thereof could not have been readily obtained.

Even assuming that after the expiration of the time allowed by law to serve and file a bill of exceptions, it was within the power of the trial judge to grant petitioner permission to revise and amend the defective draft already presented, we find no ground upon which to base a fair conclusion that there has been an abuse in the exercise of such power, for, in the first place, it would seem from the facts above stated that petitioner had an opportunity to procure transcripts of the testimony relating to both issues of fact; and, secondly, other than making an abstract offer to amend the draft, petitioner made no showing before the trial judge under section 473 of the Code of Civil Procedure or otherwise, so far as the record reveals, as to how it proposed to amend said draft, nor as to the nature or form of the amendments it desired to submit; consequently the trial court was not advised, nor are we from the record before us, whether the amendments petitioner proposed to offer would have added to or detracted from the legal sufficiency of the draft. Irrespective of petitioner's intentions, however, and having in mind the total insufficiency of the present draft, we are in accord with the conclusion reached

by the trial judge that any effort to amend or revise the same would amount to the preparation of an entirely new draft; and to allow this to be done would be to effectively nullify the mandatory code provisions limiting the time within which a proposed bill may be served and filed, which, of course, is beyond the power of the trial judge or of this tribunal to do. As has been held, the issuance of a writ of mandate in the matter of the settlement of a bill of exceptions is not altogether a matter of right; and where, as here, the insufficiency of the draft presented clearly demonstrates that. it does not possess any of the essentials of a proposed bill, the writ should not issue in furtherance of its settlement. (*Derr* v. *Busick*, 63 Cal. App. 134 [218 Pac. 280].)

For the reasons given the demurrer to the petition is sustained without leave to amend, and the alternative writ heretofore issued is discharged.

Tyler, P. J., and Parker, J., *pro tem.*, concurred.

Petitioner's application to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 24, 1928.

All the Justices concurred.