[Civ. No. 9831. First Appellate District, Division One.—June 7, 1935.]

DAINTY PRETZEL CO., INC. (a Corporation), Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Rudolph J. Scholz and Hatch & Mahl for Petitioner.

Brobeck, Phleger & Harrison and Chas. J. Wiseman for Respondents.

THE COURT.—Petitioner herein was an "aggrieved" plaintiff in an action entitled *Dainty Pretzel Co., Inc.,* v. *J. A. Campbell Co.,* tried before a jury in respondent court. Thereafter, and within the time provided by law therefor, petitioner herein served and filed a proposed bill of exceptions in said action. Defendant in said action thereupon, after proper notice thereof, moved respondent court to strike said proposed bill of exceptions from its files upon the numerous grounds set forth in said motion. The motion to strike coming on regularly to be heard was granted by respondent court and the judge thereof, whereupon petitioner filed herein its petition for a writ of mandate whereby respondent court and judge might be compelled to settle said proposed bill of exceptions.

A motion and order to strike a proposed bill of exceptions will lie in a proper case. (*Rauer's Law & Collection Co.* v. *Templar Motors Co.,* 69 Cal. App. 782 [232 Pac. 464].) The respondent court and judge thereof determined in its order striking the proposed bill of exceptions that the pro-

posed bill "is not a proposed bill of exceptions at all; that it does not contain any of the essentials of a proposed bill of exceptions, and cannot be regarded as such; that it is not even a skeleton bill of exceptions; that it is a sham, a frivolity, a mere pretense and a fraud; that it is not full or fair; that it is an imposition on the court and defendant; that in order for the court to settle a true bill of exceptions on the basis of such so-called proposed bill, it would be necessary for the court to prepare an entire new bill or for the defendant to do so; and that a true bill could not be settled merely by suggestion of any amount of amendments to the proposed bill short of preparing an entirely new bill; and that it does not contain a narrative recital of the testimony adduced at the trial; . . . that the alleged facts therein stated are inaccurate, in many respects untrue, meagre and thoroughly partial; that it does not state who the witnesses were, or what they testified to, or what witnesses testified to the alleged 'evidence', or whether the so-called 'evidence' was introduced on plaintiff's case in chief or in rebuttal, or upon direct, cross- or recross-examination; . . . and that it fails to state the instructions to the jury given by the court, and falsely states that certain instructions were given which were not in fact given''. We have carefully examined the copy of petitioner's proposed bill of exceptions attached to the petition herein and the same substantially sustains the finding of respondent court and judge in regard thereto.

■ It will be observed that this is not a case where a court or judge has arbitrarily refused to settle a proposed bill of exceptions, but rather where after consideration thereof the same has been deemed so unfair and so wholly lacking in its essentials as to render correction by amendment impossible. Here, the court and judge has not refused to act, but has in its discretion done so contrary to the wishes of petitioner. A writ of mandate to compel the settlement of a bill of exceptions is not altogether a matter of right, and where a proposed bill is lacking in the very essentials of a bill of exceptions a writ will not issue. (*Fairbanks, Morse & Co.* v. *Superior Court*, 90 Cal. App. 410, 416 [265 Pac. 992].) Nor will a writ be granted when the instrument submitted fails to show an attempt to present such a fair and *bona fide* statement of the case as entitles it to be considered and set-

440

tled as a bill of exceptions. It is the duty of the trial court to settle a bill, not to make one. (*Pacific Land Assn.* v. *Hunt,* 105 Cal. 202 [38 Pac. 635] ; *Hearst* v. *Dennison,* 72 Cal. 227, 228 [13 Pac. 628] ; 2 Cal. Jur. 573.)

The peremptory writ is denied.