[Civ. No. 11616. Second Appellate District, Division One.—February 16, 1938.]

W. P. NICHOLS (CATHERINE A. McKENNA Substituted as Petitioner), Petitioner, v. LEWIS HOWELL SMITH, as Judge of the Superior Court, etc., Respondent.

Catherine A. McKenna, *in pro. per.*, and J. Irving Mc-Kenna for Petitioner.

Everett W. Mattoon and J. H. O'Connor, County Counsel, and Douglas De Coster, Chief Deputy County Counsel, for Respondent.

WHITE, J.—Petitioner applies for a writ of mandate for the purpose of compelling the respondent superior court to settle a proposed bill of exceptions served and filed by petitioner. The defendants in said action thereupon, after proper notice thereof, moved respondent court to strike said proposed bill of exceptions from its files, upon the numerous grounds set forth in the motion. The motion to strike coming on regularly to be heard, was granted by respondent court and the judge thereof.

It is the law that a motion and order to strike a proposed bill of exceptions will lie in a proper case. (*Dainty Pretzel Co.* v. *Superior Court*, 7 Cal. App. (2d) 437 [45 Pac. (2d) 817].) The respondent court and judge thereof, considering two proposed bills of exceptions (with one of which we are not here concerned), determined in its order striking the proposed bills of exceptions that the same "are not fair presentations of the evidence received upon the trial"; that the proposed bills "do not speak the truth, and are in many respects false and fraudulent; and that as one illustration of the fraudulent character of the said bills of exceptions, said plaintiff's counsel has incorporated therein a purported quiet title judgment purporting to quiet the title in Catherine A. McKenna some years ago, but has omitted to incorporate therein an order setting aside said judgment last above referred to". The respondent court and judge thereof further found that the proposed bill of exceptions failed to include all of the evidence received in connection with the mooted issues; and further found that "in order to present fair bills of exceptions, it will be necessary to write entirely new documents and prepare new bills of exceptions". The court further found that petitioner herein

had entirely failed to make any corrections in the proposed bill of exceptions, although her attention had been called to the same. The respondent court further found "that there was a large volume of both verbal and documentary evidence offered and received in evidence tending to support the findings of the trial court, all of which has been intentionally omitted from the said purported bills of exceptions and each of them". The trial court also determined that the proposed bill of exceptions was not full nor fair, and that in order for the court to settle a true bill of exceptions, it would be necessary for the court to prepare an entirely new bill, and that a true bill of exceptions could not be settled "merely by suggestion of any reasonable amount of amendments to the proposed bills of exceptions, and each of them, short of preparing an entirely new bill". In its findings the respondent court branded the proposed bill as "a sham and a frivolity, a mere pretense, and a fraud". We have carefully examined the copy of petitioner's proposed bill of exceptions attached to the petition herein, and the same substantially sustains the finding of respondent court and judge thereof in regard thereto.

This is not a case where a court or judge has arbitrarily refused to settle a proposed bill of exceptions, but rather one where, after consideration thereof, the same has been deemed so unfair and so lacking in its essentials as to render correction by amendment impossible. Rather than refusing to act, the respondent court herein has, in its discretion, acted, but acted contrary to the wishes of petitioner. ■ It must be remembered that a writ of mandate to compel the settlement of a bill of exceptions is not altogether a matter of right, and where a proposed bill is lacking in the very essentials of a bill of exceptions, the writ will not issue. (*Fairbanks, Morse & Co.* v. *Superior Court*, 90 Cal. App. 410 [265 Pac. 992]; *Dainty Pretzel Co.* v. *Superior Court, supra; Hearst* v. *Dennison*, 72 Cal. 227 [13 Pac. 628].) ■ The burden is on the person asking for the writ of mandate to show that the court's order finding that the proposed bill is false, fraudulent and untrue is not correct, and we have no such showing here. In fact, as heretofore observed, reference to the proposed bill of exceptions as contained in petitioner's application for this writ, and the findings of the trial court, indicate that the instrument submitted fails to show an at-

tempt to present such a fair and *bona fide* statement of the case as entitles it to be considered and settled as a bill of exceptions. The petitioner herein has failed to meet the burden resting upon an applicant for a writ of mandate by bringing before us the reporter's notes or other evidence of what she contends to be the real facts of the case. The duty of the trial court is to settle the bill, not to make one. (*Pacific Land Assn.* v. *Hunt,* 105 Cal. 202 [38 Pac. 635] ; *Hearst* v. *Dennison, supra.*)

For the foregoing reasons, the alternative writ heretofore issued is discharged, and the peremptory writ denied.

York, P. J., and Doran, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 11, 1938, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 14, 1938.