[Crim. No. 4164.  Second Dist., Div. Two.  Nov. 25, 1947.]

THE PEOPLE, Respondent, v. JAMES H. PORTER, Appellant.

Avery M. Blount for Appellant.

Fred N. Howser, Attorney General, and Alberta Gattone, Deputy Attorney General, for Respondent.

McCOMB, J.—We have for consideration (1) a motion for the augmentation of the record on appeal, and (2) an appeal from a judgment of guilty of violating section 245 of the Penal Code (assault with a deadly weapon) after trial before the court without a jury.

### THE MOTION FOR AUGMENTATION OF THE RECORD

Defendant asks this court to augment the record on appeal by having included therein (1) the arguments of the district attorney and defendant's attorney before the trial court, and (2) the record of the judgment in case number 23386 of the Municipal Court of the City of Los Angeles.

The purpose of such motion is to support in this court the argument that the district attorney committed prejudicial error in asking character witnesses in behalf of defendant whether or not they knew that defendant had been arrested for disturbing the peace and found guilty of such charge, and in thereafter arguing to the court that the character witnesses' testimony should be considered in the light of the fact that they did not know that defendant had been found guilty of disturbing the peace. Defendant asserts that the judgment in the municipal court just referred to shows that he was found guilty only of being drunk in a place open to the public view and was not found guilty of disturbing the peace.

The motion must be denied for the reason that the record of the judgment in the municipal court was not offered or received in evidence in the trial court. Only evidence can properly be inserted in the record which was (a) heard by the trial court, or (b) offered in evidence and excluded. To permit an appellant to place in the record any evidence (a) not actually heard by the lower court or (b) offered in evidence and excluded, would work great injustice, both to the trial court and to the opposing party. It might present to the appellate court a case entirely different from the one pre-

sented to the trial court and decided by it. (*In re Moore*, 78 Cal. 242, 244 [20 P. 558]; *Hamilton* v. *Kelsey*, 126 Ore. 26 [268 P. 750, 755]; *Thex* v. *Shreve*, 38 Wyo. 285 [267 P. 92, 94].)

Since the judgment of the municipal court was not offered or received in evidence by the trial court, it cannot properly be made a part of the record in this court, and as a result it naturally follows that it would not be of advantage to defendant to order the arguments of counsel made a part of the record here.

## The Appeal

Defendant contends that the judgment should be reversed for the following reasons:

■ First: *There is not any credible or substantial evidence to sustain a finding that defendant committed an assault with a deadly weapon upon the complaining witness.*

This proposition is untenable. The complaining witness testified that defendant was making a lot of noise in loading his automobile and trailer, which disturbed the complaining witness and other neighbors; that he went over and asked defendant not to make so much noise, which request defendant disregarded, whereupon complaining witness told defendant, "you better keep quiet or I will call the police"; that he thereupon turned to call the police and defendant hit him on the head with a hammer. This evidence, which was evidently believed by the trial judge, was sufficient to sustain the finding of guilty of assault with a deadly weapon.

There is nothing inherently improbable or incredible in such testimony. Likewise, this court must disregard the conflicting and contradictory statements of other witnesses. (*People* v. *Pianezzi*, 42 Cal.App.2d 265, 269 [108 P.2d 732].)

■ Second: *The trial court committed prejudicial error in permitting the deputy district attorney, during cross-examination, to ask witnesses, who had testified that defendant had a good reputation for being a peaceful and law-abiding citizen, whether they knew that defendant had been arrested and found guilty of disturbing the peace.*

In three instances the question was asked the character witnesses and they were permitted to answer without any objection being made. Defendant cannot, of course, predicate error upon the admission of the answers of these witnesses to the question for the reason that it is the general rule that

objections to the admission of evidence may not be made for the first time on appeal.

On cross-examination, of witness Aumack, when the district attorney propounded the alleged objectionable question, counsel for defendant said, ''I object to the question as no foundation.'' The foregoing objection was not sufficiently explicit to indicate the specific reason for its interposition, and was therefore properly overruled. An objection that a ''proper foundation has not been laid'' is too general in the absence of a specification of the particulars wherein the foundation is insufficient to permit an appellant to urge on appeal the insufficiency of the foundation for the receipt of the evidence. (*Nofziger Lumber Co.* v. *Solomon*, 13 Cal.App. 621, 627 [110 P. 474].) ▇▇ It is the general rule that if a general objection to the evidence is overruled, such objection cannot avail the objector on appeal unless it appears that such evidence was inadmissible for any purpose whatsoever. (*People* v. *Conterno*, 51 Cal.App.2d 167, 169 [124 P.2d 610].) ▇▇▇ An objection must usually be specific and point out the ground or grounds relied upon in a manner sufficient to advise the trial court and opposing counsel of the alleged defect so that the ruling may be made understandingly and the objection obviated if possible.

Clearly in the present case the objection did not fall within the foregoing requirements and the evidence was relevant and material to an issue before the trial court.

Again, when a similar question was asked the witness William Frank, counsel said, ''I object to that.'' The trial court did not err in overruling the objection thus made. This objection was insufficient for the same reasons that the objection to the testimony of the witness Aumack was insufficient.

The motion to augment the record is denied and the judgment is affirmed.

MOORE, P. J.—I concur with the opinion of Justice McComb. It complies with the decisions upon the doctrine of the paramountcy of the judgment of the trial court when there is substantial evidence to support it. (*People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778]; *People* v. *Perkins*, 8 Cal.2d 502, 510 [66 P.2d 631]; *People* v. *Woo*, 181 Cal. 315, 326 [184 P. 389].) In the Woo case the court said ''it is the function of the jury in the first instance, and of the trial court after verdict, to determine what facts are established

by the evidence, and before the verdict . . . can be set aside on appeal . . . it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below.'' In the face of such rule valid reason appears why the conviction of appellant should not be set aside. The testimony of the complainant is clear, firm and reasonable. He approached appellant, who in the dead of night was making hideous noises, and asked him to desist or he would ''call the police,'' and as he turned to call the police ''something hit him on the head.'' This was contradicted by appellant, who is a licensed detective, who testified that after he said he would leave as soon as he could rope down his load complainant jumped over the fence, grabbed him and hit him in the face. From the cold record it is not difficult to understand why the trier of fact convicted notwithstanding the numerous contrary statements by the witnesses. Appellant's testimony that while he was lying flat on his back, with complainant's one knee on his stomach and the other on his arm, he ''happened to strike my hand against my hammer and I took the hammer and hit the one that was beating me in the face'' is not as reasonable as the narrative of the prosecuting witness.

WILSON, J.—I dissent. I cannot subscribe to the conviction of the defendant upon evidence so minuscule in quantity and so improbable in quality that it not only fails to overcome the presumption of innocence and to remove the cloak of reasonable doubt that covers a defendant in a criminal action but is unbelievable.

The undisputed facts are these: Defendant had been requested to vacate a garage in which he had been residing; in compliance with the request defendant had moved some of his effects from the garage prior to the date of the alleged offense; at about 1 o'clock in the morning he was loading his property into his trailer in front of the garage when the complaining witness left his near-by home and went to the front of the garage, where the defendant was loading his trailer. From this point the evidence is in conflict.

The complaining witness, Carlson, testified that he asked defendant to stop making a noise in loading his trailer because he was waking the neighbors; that the defendant threw some lumber into the trailer, and the complaining witness threatened to call the police; that defendant struck the com-

plaining witness with a hammer six or seven times; that he then struck the defendant with his fist, knocking him to the ground; he denied that he struck defendant while the latter was on the ground; denied that his brother struck or kicked defendant. Carlson's claim that he was struck on the head with a hammer several times before he could strike defendant is unbelievable.

Defendant testified that the complaining witness struck the defendant first; that the latter did not have anything in his hand; that defendant fell to the driveway; that while defendant was lying on his back the complaining witness beat him in his face and that the brother of complaining witness kicked him in the side; that while defendant was struggling to defend himself his hand came in contact with a hammer that was lying on the driveway and with it he hit the complaining witness, who was then beating defendant in the face; that at that time defendant was lying on his back, complaining witness had one knee on his stomach and the other on his arm.

Mrs. Katie Gauldin, who lived in a house next door to the garage, testified that she heard defendant screaming; that she went out and saw defendant lying on his back with one man on top of him, beating him and another man kicking him; that she subsequently ascertained that the two men were the complaining witness and his brother; that when she called to the two men, asking them to leave defendant alone, one of them said ''Go back in the house or he would slap my damn face;'' that she called Mr. Johnson, who was rooming in her home; that when Johnson came out and remonstrated with the Carlsons one of them threatened to come over and beat up Mr. Johnson and started toward him.

Mr. Johnson testified that when he came out of the house defendant was on the ground, one man was hitting him and the other kicking him; defendant was screaming; that when he protested against the actions of the two men and said there was not use in killing the defendant, one of them replied: ''Well, I will come over there and beat hell out of you''; that he came through a gate toward Johnson, and the latter went in the house and called the police.

Carlson's brother, who took part in the affray, was not called as a witness. There is no evidence that the brother was not available or that he could not have been produced at the trial. Therefore, under a familiar rule of evidence it will be

presumed that if he had been called as a witness his evidence would have been adverse to the prosecution.

If the complaining witness had been hit on the head six or seven times with a hammer he, instead of defendant, would have been lying on the driveway and, unless his head was made of stone, he would have been unable to continue to fight and thereafter to relate so meticulously all the circumstances to which he testified. The evidence as to the hammer blows corroborates defendant's testimony that he used the hammer while Carlson was on top of him.

Carlson's belligerency is shown by the threats of violence made to Mrs. Gauldin and Mr. Johnson when they protested against the assault of the two against the one who was then helpless on the pavement, and by the fact that when defendant was able to get to his feet and attempted to escape by running down the driveway he was "headed off" by Carlson and prevented from leaving. His hostile conduct tends to corroborate defendant's evidence that the complaining witness struck the first blow without provocation. The latter's testimony that he did not strike defendant and that his brother did not kick defendant while the latter was lying on the driveway is flatly contradicted by defendant, Mrs. Gauldin and Mr. Johnson. What Carlson's brother may have said, if produced, is left to conjecture.

The majority opinion states that the evidence of the complaining witness "was evidently believed by the trial court" and "was sufficient to sustain the finding of guilty." The fact that in the face of all the circumstances shown by the evidence the court believed the complaining witness is not sufficient, giving consideration to all the other evidence in the case, to overcome the presumption of defendant's innocence until he was proved guilty beyond a reasonable doubt.

This case does not come within the rule that a judgment must be sustained when there is substantial evidence to support it for the reason that there is an utter lack of substantial evidence of appellant's guilt. There are no conflicting statements in the testimony of the various witnesses except where they collide with the incredible evidence of the complaining witness.

In view of the evidence of the complaining witness as to the extent of the injuries received by him from the hammer blows, the contradiction of his testimony by defendant and two disinterested witnesses, the injuries inflicted on defen-

dant, consisting of a broken nose, lacerations on his face, bruised side and other wounds, Carlson's evidence that he was struck first by defendant is so highly improbable, incredible and unbelievable that the presumption of innocence still prevails and reasonable doubt has not been dispelled.

The judgment should be reversed.

A petition for a rehearing was denied December 8, 1947. Wilson, J., voted for a rehearing.

Appellant's petition for a hearing by the Supreme Court was denied December 22, 1947.