[Crim. No. 889. Third Appellate District.—August 9, 1926.]

## THE PEOPLE, Respondent, v. FRANK BELLAMY, Appellant.

[1] CRIMINAL LAW — PIMPING — CONFLICTING EVIDENCE—VERDICT—APPEAL.—In a prosecution for pimping, as defined by section 1 of the Act of 1911 (Stats. 1911, p. 10), where the evidence is conflicting, and the testimony supports the verdict of guilty, the appellate court is not called upon to review the evidence.

[2] ID. — PLEADING — DEFECTIVE FORM — AMENDMENT OF INDICTMENT UPON FACE.—Where an original indictment is sufficient as to matters of substance, but is defective as to form, it is not error for the trial court, upon the sustaining of defendant's demurrer, to permit certain amendments to the indictment by the insertion upon its face by the clerk of certain words with a pen.

[3] ID.—OTHER OFFENSES—CORROBORATIVE EVIDENCE.—In a prosecution for pimping, where the defendant is charged with committing the crime on the "the —— day of" a stated month, testimony of alleged prior offenses of the same nature, if not too remote, is admissible, not as proof of independent substantive offenses, but as corroborative evidence to show the disposition on the part of the defendant and tending to support the one specific offense for which he is being tried; and the district attorney is authorized to argue and comment upon such testimony and the failure of defendant to produce witnesses to rebut the same.

(1) 17 C. J., p. 264, n. 89.    (2) 31 C. J., p. 824, n. 51.    (3) 16 C. J., p. 591, n. 33, p. 608, n. 86, p. 904, n. 73, p. 906, n. 8.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. John F. Pullen, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wallace Shepard for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

2. Amendment of indictment, note, Ann. Cas. 1913A, 402. See, also, 14 Cal. Jur. 91.

3. See 8 Cal. Jur. 74.

NEEDHAM, J., *pro tem.*—The defendant was charged by an indictment of the grand jury of the county of Sacramento with the crime of pimping, as defined by the Statutes of 1911, page 10, which reads as follows:

"Section 1. Any male person who, knowing a female person to be a prostitute, shall live or derive support or maintenance, in whole or in part, from the earnings or proceeds of the prostitution of such prostitute, or from moneys loaned or advanced to or charged against such prostitute by any keeper or manager or inmate of a house or other place where prostitution is practiced or allowed, or who shall solicit or receive compensation for soliciting for such prostitute, shall be guilty of a felony, to wit: pimping, and upon conviction for an offense under this act shall be punished by imprisonment in the state prison for a period of not less than one year nor more than three years.

"Sec. 2. Any such female person referred to in the foregoing section shall be a competent witness in any prosecution under this act to testify for or against the accused as to any transaction or as to any conversation with the accused or by him with another person or persons in her presence, notwithstanding her having married the accused before or after the violation of any of the provisions of this act, whether called as a witness during the existence of the marriage or after its dissolution."

The defendant was convicted by the jury; thereupon he moved for a new trial, which was denied, and he was sentenced to imprisonment in the state prison. He prosecutes this appeal from the judgment and the order denying him a new trial.

[1] The appellant in his brief refers at length to the evidence in the case, but a careful examination of the record discloses that the evidence against the defendant is overwhelming. The appellant in his brief states: "The evidence given at the trial is conflicting. If the prosecutrix can be believed, there can be no question but that during the month of May, 1925, she was a prostitute, practiced prostitution and received money therefor, which money she gave to the defendant, Bellamy, and upon which he subsisted during that month." The counsel for de-

fendant thereupon devotes many pages of his brief to a discussion of the testimony and states in effect that it is so improbable, involved, contradictory, and confused that it cannot be believed. However, it is fundamental that where the evidence is conflicting, the verdict of the jury cannot be disturbed upon appeal, and we are satisfied that the testimony overwhelmingly supports the verdict of the jury. Therefore, we are not called upon to review the evidence; it is of sordid nature and no good purpose can be served in doing so.

[2] The indictment found by the grand jury was amended by the court. It seems that the defendant had pleaded not guilty to the original indictment and the defendant was permitted to withdraw his plea and interpose a demurrer, which was sustained. Thereupon, the court permitted certain amendments to the indictment by the insertion upon its face of certain words by the clerk with a pen. The charging part of the indictment as amended reads as follows: "The said Frank Bellamy on the —— day of May, A. D. 1925, at the County of Sacramento, in the State of California, and before the finding of this amended indictment, being then and there a male person and then and there knowing Laura Belle Matson, *a female person,* to be a prostitute, did then and there knowingly, wilfully, unlawfully and feloniously live and derive support and maintenance from the earnings and proceeds *of the prostitution* of said prostitute, contrary to the form," etc.

We have italicized the words which were added by the clerk upon the direction of the court by way of amendment. The defendant claims error was committed by permitting the indictment to be so amended, and takes the position that the original indictment was fatally defective, and that the purported amendment was without effect. There is no merit in this contention. It is plain that the amendment was authorized by section 1008 of the Penal Code. The amendment did not change the offense charged, as it related to matters of form only, and not to matters of substance. The right of the court to permit such an amendment has been upheld many times by our courts. (See *People* v. *Anthony,* 20 Cal. App. 586 [129 Pac. 968]; *Ex parte Chambers,* 32 Cal. App. 476 [163 Pac. 223];

*People* v. *Wilhite,* 49 Cal. App. 246 [193 Pac. 151]; *People* v. *Cockrill,* 62 Cal. App. 22 [216 Pac. 78].)

[3] The defendant next complains that error was committed in allowing certain testimony to be received of alleged prior offenses of the same nature upon the theory that the same could be received to show guilty knowledge, intent, plan, or system. The crime charged was in its nature a continuing crime. The language of the indictment to the effect that the defendant "did then and there knowingly, wilfully, unlawfully and feloniously live and derive support and maintenance from the earnings and proceeds of the prostitution of said prostitute" would necessarily inform the defendant that notwithstanding that the date of the alleged crime was charged in the indictment to be "the —— day of May, A. D. 1925," that evidence of similar offenses to that with which the defendant was charged would, if not too remote, be introduced. This rule has been applied to prosecutions for adultery, incest, seduction under promise of marriage, statutory rape upon a child under the age of consent, infamous crime against nature, and sexual crimes against children. (See sec. 176, 8 Cal. Jur., p. 74, and cases cited.) Such evidence is admitted not as proof of independent substantive offenses. Such evidence is admitted as corroborative evidence to show the disposition on the part of the defendant and tending to support the one specific offense for which the defendant is being tried. (See *People* v. *Troutman,* 187 Cal. 313 [201 Pac. 928], and the cases set forth in note 14, sec. 176, Cal. Jur., vol. 8, p. 75.) We are of the opinion that the crime denounced in the present prosecution and known as pimping comes within the same rule as the offenses above herein set forth, and we are constrained to hold that the evidence introduced and permitted by the court was not too remote, and that the admission of the same was not error.

The next ground urged by the appellant for reversal is that the court committed error in allowing the district attorney to argue to the jury the evidence received as to the offenses alleged to have been committed prior to the crime laid in the indictment, and to comment upon the failure of defendant to produce witnesses to rebut the testimony as to these prior offenses.

We do not think it necessary to examine in detail the language used by the district attorney. Our holding that the testimony received of prior offenses was not error necessarily authorized the district attorney to argue and comment upon such testimony and the failure of the defendant to produce witnesses to rebut the same.

The appellant finally argues that the defendant was denied a fair trial and that the judgment should be reversed. We have carefully examined the whole record, including the evidence, and we are irresistibly brought to the conclusion that the defendant was fairly tried and justly convicted. It is, therefore, ordered that the judgment and order be and the same are hereby affirmed.

Finch, P. J., and Plummer, J., concurred.