[Crim. No. 3353. Second Appellate District, Division Two.—December 31, 1940.]

THE PEOPLE, Respondent, v. PETER PIANEZZI et al., Appellant.

Nathan O. Freedman and Manuel M. Liodas for Appellants.

Earl Warren, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

McCOMB, J.—These are appeals by

(1) Defendant Peter Pianezzi from three judgments of guilty of robbery in the first degree and

(2) Defendant Martin E. McGowan from two judgments of guilty of robbery in the first degree, after trial before a jury.

There are also appeals from the orders denying their motions for a new trial.

Viewing the evidence most favorable to the people (respondent), the facts are:

July 21, 1939, defendants Pianezzi and McGowan together with a third man held up and robbed the Hill and Atlantic Branch of the Security First National Bank at Long Beach, each of the robbers at the time being armed with a gun. The robbers took approximately $2,100 from Messrs. Maher and Powell in one cage of the bank and approximately $4,-500 from Messrs. Nelmes and Braakenburg in another cage of the bank.

May 4, 1939, defendant Pianezzi and three other men held up and robbed the Yokohama Specie Bank in Los Angeles, defendant Pianezzi taking approximately $7,576 from a cage in the bank.

Defendants rely for reversal of the judgments against them on these propositions:

*First: There is no substantial evidence to sustain the finding of the jury that defendants or either of them participated in the robberies of which they were convicted.*

*Second: The trial court committed prejudicial error in receiving in evidence four guns found in the apartment of defendant Pianezzi.*

*Third: The district attorney committed prejudicial error in his argument to the jury when he said:*

*"They all say that Mr. Pianezzi was in that bank. Is there one word of evidence to the contrary? None. The defendant does not choose to testify. If a man is innocent of an offense what is more logical than for him to get up on the witness stand and deny that thing with which he has been charged . . . What is an innocent man going to do? Is he going to say, members of the jury, I was not there, I was so and so; don't convict me of an offense which I did not commit. If that man were innocent he would scream as hard as he could proclaiming his innocence. Robbery is the*

*thing for which Pianezzi has been identified on which he has not chosen to say one word. Why? Not one word from McGowan. Who knows better than the man who is charged whether he did it or not. Why no word? The answer is that the truest indication of guilt has been made manifest. I tell you in my opinion the refusal to testify is tantamount to a confession. The wilful election not to confront the witnesses and choosing not to give the jury the benefit of what they know is equivalent to a confession. As regards the depositions that Pianezzi was in Detroit May 4th and McGowan in St. Louis July 21, these men who knew best of all chose not to tell us one word about their movements and actions on those days, and they want us to believe them innocent after that. The defense went to zero when they did not take the stand. The guns are here and unexplainable. Pianezzi did not take the stand to enlighten the jury of the facts within their knowledge, a failure which is tantamount or equivalent to a confession. A defendant does not have to take the stand. Sure, that is right. He does not have to tell anything, no, he does not have to. That is correct. Counsel is dead right. Let these men sequester in their minds from now on what they know. But that is not why they did not take the stand. That is the evidence of identification which so far as these people are concerned is unanswered though McGowan's sisters say he was in St. Louis, because why? Because they don't have to testify. There is a probable reason why Mr. Pianezzi possessed 3 or 4 guns. They don't have to talk.''*

*Fourth: The trial judge committed prejudicial error in refusing to give at defendants' request the following instruction:*

*'' YOU ARE INSTRUCTED that the defendants not having taken the stand to testify should be considered as a right that the defendants have and it should in no way be considered against them.''*

*Fifth: Defendant McGowan was not given a fair trial, because he was forced to stand trial before the same jury that tried his codefendant Pianezzi.*

■ Defendants' first proposition is devoid of merit. An examination of the record discloses substantial evidence taken together with inferences which the jury may reasonably have drawn therefrom to sustain each and every material finding

of fact upon which the judgments were necessarily predicated, including the identity of defendants as the perpetrators of the crimes of which they were convicted. For example:

(a) As to the robberies occurring at the Security First National Bank in Long Beach, several witnesses testified that they had a side view of defendant Pianezzi's face and identified him as one of the participants in the robberies. Also a witness testified that defendant McGowan removed the handkerchief he was holding before his mouth and chin and that she saw his face and that said defendant participated in the robberies.

(b) Relative to the robbery of the Yokohama Specie Bank, a witness testified that she had a good close-up view of defendant Pianezzi's face and that his dark glasses kept slipping down, also that she noticed a line on his cheek and she identified him as one of the participants in this crime.

Strength or weakness of the identification, the incompatibility of and discrepancies in testimony, if any, and the uncertainties of a witness in giving testimony are matters solely for the consideration of the triers of fact in the first instance and for the consideration of the trial judge on a motion for a new trial. The argument which counsel has addressed to the court upon this subject was a proper argument to present to the trial jury, but cannot be considered by us, since there is substantial evidence to support the findings of the jury.

Defendant's second proposition is also without merit. The law is established in California that, where guns are used in the commission of an offense, testimony that the guns resemble those used by the participants in the crime is admissible in evidence (*People* v. *Ferdinand,* 194 Cal. 555, 563 [229 Pac. 341]). In the present case several witnesses testified that the guns received in evidence were similar to those used in the robberies. Therefore, the evidence was admissible. The weight to be given to such evidence was a matter to be determined by the trial jury.

Defendants' third proposition is untenable. The law is established in this jurisdiction that it is not error for the district attorney to comment upon the fact that a defendant has failed to take the stand in his own behalf or that the defendant has failed to deny any of the incriminating evidence

received against him (*People* v. *Perry,* 14 Cal. (2d) 387, 394 [94 Pac. (2d) 559]).

Defendants' fourth proposition is also untenable, in view of the decision in *People* v. *Perry, supra.*

Defendants' final proposition is without merit. Section 954 of the Penal Code vests in the trial court the discretion of ordering consolidated for the purpose of trial two or more indictments where the offenses, as in this case, are of the same class. An examination of the record in the instant case discloses the trial court did not abuse its discretion in making the order of consolidation. We are of the opinion that the defendants and each of them had a full, fair and impartial trial and that there is no error disclosed in the record.

For the foregoing reasons the judgments and orders are and each is affirmed.

Moore, P. J., and Wood, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied on January 30, 1941. Curtis, J., Houser, J., and Carter, J., voted for a hearing.