[Crim. No. 3528.   Second Dist., Div. Two.   Apr. 7, 1942.]

THE PEOPLE, Respondent, v. DOMINIC FLOYD CONTERNO, Appellant.

Morris Lavine for Appellant.

Earl Warren, Attorney General, and Eugene M. Elson, Deputy Attorney General, for Respondent.

McCOMB, J.—From judgments of guilty on two counts of statutory rape after trial before the court without a jury, defendant appeals.

Viewing the evidence in the light most favorable to the People (respondent), the essential facts are:

Defendant on two occasions had an act of sexual intercourse with the prosecuting witness, a female sixteen years of age.

Defendant relies for reversal of the judgments upon two propositions which will be stated and discussed hereunder seriatim.

*First: There is no substantial evidence to sustain the findings upon which the judgments were necessarily predicated.*

This proposition is untenable. An examination of the record discloses substantial evidence which, taken together with inferences which the trial judge may have reasonably drawn therefrom, sustains each and every material finding of fact upon which the judgments were necessarily predicated. For example, the prosecuting witness gave positive testimony that on two separate occasions defendant took her to his apartment and there had an act of sexual intercourse with her. Further discussion of the evidence is unnecessary. (See *People* v. *Pianezzi*, 42 Cal. App. (2d) 265, 269 [108 P. (2d) 732].)

*Second: The trial judge committed prejudicial error in receiving in evidence a diagram drawn by the prosecuting wit-*

*ness subsequent to the date of the alleged acts of sexual intercourse, which diagram purported to represent defendant's apartment, where the prosecuting witness testified the alleged acts of sexual intercourse had occurred, for the reason that such diagram constituted hearsay evidence.*

■ The foregoing proposition will not be considered by this court for the reason that the objection which defendant now makes to the reception of the diagram in evidence, to wit, that it was hearsay evidence, was not urged in the trial court. Therefore, such objection was waived.

The law is uniformly established by a long line of decisions that (1) if a general objection to the introduction of evidence is overruled, such objection cannot avail the objector on appeal, unless it appears that such evidence was inadmissible for any purpose whatsoever, and (2) a specific objection overruled will be effective to the extent of the grounds specified and no further. An objection overruled, therefore, naming a ground which is untenable cannot be availed of on appeal, even though there was another and tenable ground which might have been urged but which was not, unless it appears there was no purpose whatever for which the evidence could have been admitted (*People* v. *Mason,* 37 Cal. App. (2d) 407, 409 [99 P. (2d) 567]).

The judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

A petition for a rehearing was denied April 16, 1942, and the following opinion thereupon rendered:

THE COURT.—The petition for rehearing is denied.

Defendant in his petition claims that he objected to the introduction of People's Exhibit 3 on the ground that it was hearsay evidence. People's Exhibit 3 had originally been received in evidence without objection that it was hearsay evidence. Thereafter a session of the court was held at Santa Monica, where the following occurred:

"The Court: Let the record show that the Court has convened at the premises at 2911 Fourth Street, Santa Monica, for the purpose of observing the premises and comparing the premises with the diagram contained in People's Exhibit No. 3. It is not the purpose of the Court to take any testimony or to ask any questions here. It is simply the purpose of the Court to observe the premises and compare them with this diagram as to accuracy. However, if you have any sug-

gestions you want to make, Mr. Myers or Mr. Lavine, I would be glad to hear them.

"Mr. Lavine: I only want to interpose an objection to the consideration of the diagram heretofore made as incompetent, irrelevant and immaterial and is in effect hearsay and self-serving."

It is obvious from the foregoing that the objection above set forth was not made to the reception of the questioned exhibit (People's No. 3) in evidence. The document, as stated in the opinion, was received in evidence without any objection being made that it was hearsay evidence, and therefore such objection was waived by defendant. Had he desired to raise this objection at a subsequent period in the trial the proper procedure would have been to have made a motion to strike the exhibit on the ground that it was hearsay evidence. This was not done.

Appellant's petition for a hearing by the Supreme Court was denied May 4, 1942. Carter, J., and Traynor, J., voted for a hearing.