[Crim. No. 3790.    Second Dist., Div. Three.    Sept. 11, 1944.]

THE PEOPLE, Respondent, v. FREDIS JAMES, Appellant.

Walter L. Gordon, Jr., for Appellant.

Robert W. Kenny, Attorney General, and T. G. Negrich, Deputy Attorney General, for Respondent.

SHINN, J.—Defendant was convicted of violation of section 11160 of the Health and Safety Code, in having in his possession a marihuana cigarette.　　　Upon his appeal from the judgment he concedes that the evidence was sufficient to sustain a conviction and contends only that the court erred in the admission of evidence.　One of the officers who arrested defendant upon the street testified to the circumstances of the arrest and, specifically, that defendant was violent and that he fought with the officers and was placed in

handcuffs. Over defendant's objection he was allowed to testify that in his opinion defendant was then under the influence of marihuana and gave as reasons for the opinion that defendant's violence and strength indicated a condition induced by the use of marihuana and that his eyes were glassy and he was extremely nervous, which were also symptoms of the drug's influence. There was but meager evidence to qualify the witness to express this opinion but his lack of qualification was not urged at the trial and is not relied upon here in support of the claim of error. The sole contention is that the testimony was objectionable because it tended to prove defendant guilty of the offense of using marihuana, which under the law is a separate offense from possession of it if it be granted that to smoke it is to administer to oneself a narcotic (§ 11167). Defendant relies upon the general rule that where a defendant is charged with a specific offense, evidence of the commission of other offenses is inadmissible either as tending to show a disposition on defendant's part to commit such offenses or as corroborative of the testimony directed to the proof of the specific offense for which he is on trial. ■ But an exception to the rule is recognized where the evidence in question is material and relevant to prove some issue of the case on trial as a part of the res gestae or which tends to establish the guilt of the defendant by proving a material fact involved therein or helps to disclose the motive or intention with which the act was performed, in which cases it is admissible even though it tends to prove the commission of another offense. (*People* v. *Pollock* (1939), 31 Cal.App.2d 747 [89 P.2d 128].)

■ A brief review of the evidence will clearly disclose that there was no error in the admission of the testimony in question. When he was searched at the police station defendant removed the contents of his pockets and among them was the cigarette. There was a conflict in the evidence whether the cigarette was produced by defendant or was taken from his pocket by one of the officers. The officers testified that defendant told them he had purchased the cigarette in front of his hotel from a man he did not know. These statements were denied by defendant. He was asked if he knew what the cigarette was and what they cost, and answered that he knew what it was and that he guessed they cost from fifty cents to a dollar. Defendant admitted having made

these statements but he denied having had possession of the cigarette and all knowledge of it before its production at the police station. One of the officers testified as follows: ''Q. Did you ask him if the reason why he was so violent was because he was high off of marihuana? Did you ask him that? A. He said he was high. I didn't ask him whether it was marihuana or what.'' On cross-examination defendant was asked: ''Q. Do you remember telling Officer Moore that you were a little high that night? A. Not unless I mean I was intoxicated off of whiskey. . . . Q. Well, had you been drinking that night? A. Yes, sir. Q. Were you intoxicated at the time the officers arrested you? A. No, sir.'' He further testified that he did not use marihuana cigarettes. In view of this testimony it would have been entirely proper for the People to offer evidence in rebuttal that defendant was under the influence of marihuana at the time of his arrest. The testimony of the officer as to defendant's condition was given before defendant took the stand, but after stating his objection defendant's counsel questioned the court as to whether the evidence was offered as rebuttal, to which the court answered, ''Well, yes, in a sense. Objection overruled.'' The officer then gave his opinion as to the condition of defendant without further objection that it was inadmissible. Defendant has not been deprived of a fair trial nor suffered any impairment of his rights through the receipt of testimony as a part of the People's case in chief, which otherwise would have been offered in rebuttal and would then have been admissible upon a material issue.

The judgment is affirmed.

Desmond, P. J., and Wood (Parker), J., concurred.