[Crim. No. 3888.　Second Dist., Div. Two.　Apr. 10, 1945.]

THE PEOPLE, Respondent, v. ANTONE R. COELHO, Appellant.

Maurice A. Gleason for Appellant.

Robert W. Kenny, Attorney General, and Everett W. Mattoon, Deputy Attorney General, for Respondent.

McCOMB, J.—Defendant was convicted after trial before the court without a jury of violating section 288 of the Penal Code. This appeal is from the judgment and order denying his motion for a new trial.

The evidence being viewed in the light most favorable to the People (respondent), the essential facts are:

On August 4, 1944, defendant committed an act prohibited by section 288 of the Penal Code, to wit, he placed his tongue

on the private parts of the prosecuting witness, a female 11 years of age.

█ Defendant urges reversal of the judgment on this proposition:

*The verdict is contrary to the evidence.*

This proposition is untenable. We have examined the record and are of the opinion that there was substantial evidence considered in connection with such inferences as the trial judge may have reasonably drawn therefrom to sustain the finding of facts hereinabove mentioned and each and every other material fact upon which the judgment of guilty was predicated. For example, the prosecuting witness testified that defendant put his tongue on her private parts. Further discussion of the sordid details would serve no useful purpose.

Incompatibility and discrepancies in testimony, if any; the uncertainties of a witness in giving testimony, as well as contradictions in the evidence, are matters solely for the consideration of the trier of fact in the first instance and for the consideration of the trial judge on a motion for a new trial. Such matters cannot be considered by us if, as in the instant case, there is substantial evidence to support the findings of the trier of fact. (See *People* v. *Pianezzi,* 42 Cal.App.2d 265, 269 [108 P.2d 732], for a full statement of the applicable rule.)

For the foregoing reasons the judgment and order are and each is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.