[Crim. No. 3923.   Second Dist., Div. Two.   Nov. 30, 1945.]

THE PEOPLE, Respondent, v. EUGENE DRAGSETH, Appellant.

Paul E. Tapley and E. W. Miller for Appellant.

Robert W. Kenny, Attorney General, and L. G. Campbell, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of first degree robbery after trial before the court without a jury, defendant appeals. There is also an appeal from the order denying defendant's motion for a new trial.

The evidence being viewed in the light most favorable to the People (respondent), and pursuant to the rules set forth in *People* v. *Pianezzi,* 42 Cal.App.2d 265, 269 [108 P.2d 732], the essential facts are:

On September 10, 1944, between 9:00 and 9:30 p. m., defendant while armed with a gun robbed a market located at 2801 Crenshaw Boulevard, Los Angeles, California.

Defendant relies for reversal of the judgment on three propositions which will be stated and answered hereunder seriatim:

■ First: *There is not any substantial evidence to sustain the trial court's finding that defendant was guilty of first degree robbery.*

This proposition is untenable. Three eyewitnesses testified that defendant was the man who, at the point of a gun, robbed a market located at 2801 Crenshaw Boulevard, Los Angeles, California on September 10, 1944. Conflicting evidence must be disregarded by this court.

■ Second: *Defendant established by clear and convincing testimony an alibi.*

This proposition is likewise untenable. Defendant's sister, Mrs. Clary, testified that defendant was at home at all times during the evening of September 10, 1944; however, three eyewitnesses identified defendant as the perpetrator of the crime. The conflict in evidence was for the determination of the trier of fact whose determination substantiated by substantial evidence of three eyewitnesses who identified defendant as the perpetrator of the crime is binding upon this court.

■ Third: *The crime was committed by Marion Palmer and not defendant.*

This proposition is also untenable. One Marion Palmer, an ex-convict, testified that he alone committed the robbery for which defendant was convicted. However, this testimony was in direct conflict with the testimony of the three eyewitnesses who previously testified and identified defendant as the perpetrator of the crime. Therefore the trial judge's findings of fact based upon conflicting evidence is binding upon this court.

The record is free from error and for the foregoing reasons the judgment and order are and each is affirmed.

Moore, P. J., and Wilson, J., concurred.