[Crim. No. 2429.  First Dist., Div. One.  Feb. 20, 1947.]

THE PEOPLE, Respondent, v. TOM LEW, Appellant.

Walter H. Duane for Appellant.

Robert W. Kenny, Attorney General, David K. Lener, Deputy Attorney General, Edmund G. Brown, District Attorney; and Vincent Mullins, Assistant District Attorney, for Respondent.

WARD, J.—This is an appeal from a judgment of conviction of violating section 702 of the Welfare and Institutions Code, and from the order denying appellant's motion for a new trial.

The information in the present case charged two causes of action: 1. Rape upon a female person under the age of eighteen years (Pen. Code, § 261). 2. That the defendant registered at a hotel with a sixteen-year-old female, who was not the wife of appellant, and occupied the same room with her, thereby contributing to the female becoming and

remaining a person who is leading, or from any cause is in danger of leading, an idle, dissolute, lewd or immoral life (Welf. & Inst. Code, §§ 700, 702). Defendant was acquitted of the rape charge and convicted on the charge of contributing to the delinquency of the minor. Defendant demurred on the ground that "the information does not state facts sufficient to constitute a public offense; that said information does not substantially conform to the requirements of sections 950 and 951 and 952 of the Penal Code of California; that said information contains matter which, if true, would constitute a legal justification or excuse of the offense charged." The court overruled the demurrer and appellant pleaded not guilty. The grounds of the demurrer are without merit.

The prosecutrix is from a midwestern state. There she was married by "a preacher" during the year 1945, but remained with her husband only one night. Evidently no license was demanded, nor was any question of age considered. In the present proceeding the prosecutrix testified that she would reach the age of seventeen on July 10, 1946. The information alleges, and the evidence shows, that the offense was committed on March 21, 1946.

On March 8, 1946, the prosecutrix was living with her parents in Contra Costa County. On that date she returned from school and dressed for a "junior prom" to be held in an adjoining district. However, with four other girls and a boy, she attended a dance in a different district. After the dance she returned to her home town with two of the girls and the boy. From there she visited a nearby city alone, where she attended a midnight show. She then started home on a bus, San Francisco bound, which passed through her home town. On the bus she met one Lee Wong, who invited her to San Francisco to see Chinatown. They arrived in San Francisco at about 3:15 a. m. and proceeded to Wong's apartment on Grant Avenue. The girl remained there for the night, sleeping on a couch in the dining room. Appellant, Tom Lew, and Lee Wong occupied the bedroom. The next day she had lunch with Wong, who gave her $5; she already possessed $7. That evening she had dinner with appellant, Tom Lew, and left by train for home. On the train she met a man and his wife, with whom she remained for several days. While with these people she procured, through the

man, according to her testimony, a false registration card showing her age as twenty-three years. She met a sailor and accompanied him out of town for a night; also she visited a girl friend some fifty miles away. About March 20th or 21st, she returned to San Francisco and telephoned Wong. Appellant Tom Lew answered the telephone and, by appointment, met her in front of Wong's apartment. Appellant testified that the girl told him she was supposed to meet a sailor in one of San Francisco's "sky rooms" and that he accompanied her there. From here the appellant and the girl visited a Chinese sky room and several inns and a restaurant. On the way out of the restaurant one of the high heels of the prosecutrix' shoes broke; she told appellant that she could not have it repaired; that she had no money and no place to stay. Appellant took her to a hotel, the register of which shows the following: "Name—Tom Lew and Alice [stipulated to be in appellant's writing] Street—blank City and State—Bakersfield, Calif. [stipulated to be in the prosecutrix' handwriting] Room—205, the date, 3/20/46 Rate—three dollars Cot—one dollar—four dollars Number in party —two Arrived—ten p. m. Initials of the clerk F. B." On the other side of the card: "Room 205—Lew, Tom & Alice." Prosecutrix testified to an act of sexual intercourse, after which appellant went to a couch in the room. Appellant testified that he did not stay in the room more than ten minutes; that he left with the broken shoe and did not return until about 11:30 the next morning with a new pair of shoes. The prosecutrix testified that he left with her broken shoe and brought her new shoes the next day. Later in the day she went to Wong's apartment. Wong was not there but arrived at about 3 a. m. She complained of not feeling well and went to another room in the apartment to lie down. Appellant and Wong were preparing to eat when police officers arrived; they arrested appellant, Wong and the prosecutrix between 3:15 and 3:30 a. m. The police asked the men what the girl was doing there, and they replied that she had no place to stay. Appellant, when asked whether he had any act of sexual intercourse with the girl, answered "just once." Appellant denies making such statement.

Appellant contends: 1. That the evidence does not support the verdict; 2. That appellant did not contribute to delinquency; 3. That the second count does not charge a

public offense; 4. That the district attorney is chargeable with prejudicial misconduct in his argument to the jury; and 5. That the court's denial of a juror's request for an instruction was error.

■ The first contention is based upon the claim that it was not established by pleading or proof that the prosecutrix was a minor; that is, a person under the age of twenty-one years. The age of the alleged delinquent is a material issue under the provisions of the Welfare and Institutions Code, section 702. The count upon which the appellant was convicted alleged the prosecutrix to be ''sixteen years of age'' and ''a person under twenty-one years.'' The evidence shows that the prosecutrix testified that she was sixteen at the time of the alleged offense. This evidence, though based upon information given by the prosecutrix' parents or others qualified to know, is sufficient to prove that issue. In *People* v. *Pribnow,* 61 Cal.App. 252, 258 [214 P. 475], it is stated: ''The testimony of a prosecutrix as to this fact [her age] is admissible, although her knowledge of it is derived from the statements of her parents or by family repute (*People* v. *Ratz,* 115 Cal. 132 [46 P. 915]). Moreover, the jury was entitled to consider the appearance of the prosecuting witness as indicating her age (*People* v. *Koosistra,* 58 Cal.App. 277 [208 P. 316]).''

■ Appellant claims that certain evidence was suppressed and that therefore the conclusion should be reached that such evidence if produced would be adverse. The evidence referred to is the card issued to the prosecutrix under a fictitious name, certifying her age to be twenty-three years. Although the prosecution did not produce the card, the prosecutrix testified as to its falsity. On cross-examination she testified that it was issued under a fictitious name in another city by the police department. Appellant had an opportunity to interrogate the witness relative to the falsity of the age given on the card. An accused should be given the advantage of every legal right in an effort to maintain his innocence. Nevertheless, under all the facts it should not be held that the appellant was injured by the prosecution's failure to produce the card. The credibility of testimony is a matter to be determined in the trial court. (*People* v. *Latona,* 2 Cal.2d 714 [43 P.2d 260] ; *People* v. *Conterno,* 51 Cal.App.2d 167 [124 P.2d 610, 611] ; *People* v. *Schultz,* 49 Cal.App.2d 38 [120 P.2d 893].)

The next point urged is that appellant's conduct toward the prosecutrix was not that condemned by Welfare and Institutions Code section 702. The information follows the portion of the section applicable to the facts as set forth in the information. Such portion of the information, and the evidence sustaining the allegations of the information have been set forth heretofore. The gist of the offense alleged is that Tom Lew registered and occupied a room in a hotel with the prosecutrix, thereby contributing to the prosecutrix becoming and remaining a person leading a dissolute and lewd life. ■ In passing it may be well to observe that the fact that the prosecutrix may have been already a delinquent leading an idle, dissolute and immoral life, is no defense to a prosecution for contributing to delinquency, since the statute punishes acts which cause or tend to cause a minor not only to become but to remain delinquent. (*People* v. *Hanford*, 35 Cal.App. 799 [171 P. 112].) ■ The question whether the acts complained of have the effect denounced by section 702 is one of fact for the jury. In *People* v. *Calkins*, 48 Cal.App.2d 33 [119 P.2d 142], a minor girl occupied a bedroom with Calkins for two weeks; it was held that the facts were sufficient to support the judgment finding a violation of section 702.

■ Prior to registering at the hotel the prosecutrix and Lew visited several sky rooms and a restaurant. The district attorney argued to the jury, against the objection of appellant's counsel, that certain drinks purchased by Lew for the prosecutrix contained hard liquor; that Lew impressed the girl by taking her to an expensive place where he fed her "some liquor" and "a few highballs." The statements were unwarranted but not prejudicial, in view of the testimony of the prosecutrix that she consumed soft drinks. Upon the objection of appellant's counsel, the court stated that they were soft drinks and the district attorney expressly stated that whatever they were drinking, it was a question for the jury. In no instance did appellant assign the remarks of the district attorney as misconduct nor did he request that the jury be instructed to disregard the district attorney's remarks. Under such circumstances the alleged misconduct need not be considered on appeal. (*People* v. *Yecny*, 53 Cal.App.2d 474, 478 [128 P.2d 146].) ■ Lastly, appellant contends that the court erred in denying the request of a juror for further instruction. After his request was denied, the juror neverthe-

less posed his question for he asked, "About the age?" The court then instructed that the only matter which the jury was to consider on the issue of age was "evidence that has come from the lips of witnesses; and it is a question of fact for the jury to determine as to the age of the girl; and you are further instructed that a girl under the age of eighteen years cannot consent to the act of sexual intercourse." No complaint is made of the foregoing instruction. Under these circumstances appellant was not prejudiced by the court's ruling. The contentions made by appellant are without merit.

The judgment and order denying the motion for a new trial are affirmed.

Peters, P. J., and Schottky, J. pro tem., concurred.