[Crim. No. 4289. Second Dist., Div. Three. Apr. 27, 1949.]

THE PEOPLE, Respondent, v. WALTER C. JONES, Appellant.

Gladys Towles Root for Appellant.

Fred N. Howser, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

VALLÉE, J.—Defendant was convicted by a jury of a violation of section 288 of the Penal Code for committing an act therein denounced on a female child 11 years of age. He appeals from the order denying his motion for a new trial.

Appellant first says that the district attorney was guilty of prejudicial misconduct in his argument to the jury. In the course of his argument the district attorney referred to appellant as a pervert. No objection was made to the argument. It was not assigned as misconduct. The court was not requested to instruct the jury to disregard it. Under these circumstances, appellant waived his objection to the challenged statements (*People* v. *Hunter*, 49 Cal.App.2d 243, 250 [121 P.2d 529]) and the misconduct, if any, will not warrant a reversal. (*People* v. *Buttulia*, 70 Cal.App. 444, 448 [233

P. 401].) The facts do not bring this case within the line of cases exemplified in our decision in *People* v. *Ford,* 89 Cal. App.2d 467 [200 P.2d 867]. It is not, therefore, necessary to decide whether the argument was inappropriate or improper.

■ Appellant next says that the evidence is insufficient to sustain the jury's finding of guilt. His argument in this behalf is ·one which should have been, and no doubt was, addressed to the jury and to the trial judge on the motion for a new trial. It is not necessary and would serve no useful purpose to blot these pages with a recital of the offensive and unsavory details of the evidence. We have examined the record and are of the opinion that there was substantial evidence to sustain the finding of the jury. The weight and credibility of the witnesses are matters solely for the trier of fact. (*People* v. *Pianezzi,* 42 Cal.App.2d 265, 269 [108 P.2d 732] ; *People* v. *Showers,* 90 Cal.App.2d 248, 253 [202 P.2d 814].)

Order affirmed.

Shinn, P. J., and Wood, J.. concurred.