[Crim. No. 3077.    Third Dist.    Oct. 5, 1960.]

THE PEOPLE, Respondent, v. JESSE TORRES, Appellant.

Gus E. Skarakis, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and C. Michael Gianola, Deputy Attorneys General, for Respondent.

SCHOTTKY, J.—An information was filed charging Jesse Torres with a violation of section 266h of the Penal Code, it being alleged that on or about the 24th day of August, 1959, in the county of Sacramento, he "willfully and unlawfully and feloniously knowing SHARON TAYLOR, a female person, was a prostitute, lived or derived support or maintenance in whole or in part of the earnings or proceeds of her prostitution, or solicited or received compensation for soliciting acts of prostitution for her; . . . ." He was found guilty by a jury and has appealed from the judgment entered upon the verdict and from the order denying his motion for a new trial.

In August, 1959, Sharon Taylor, the principal witness for the prosecution, a 16-year-old girl, was living with 19-year-old Sharon Hawley, in the latter's apartment. On August 17, 1959, Miss Taylor for the first time met the defendant Torres at the public library. He drove the two girls to the Hawley home where he stayed for a while. Miss Taylor saw Torres again on the 19th and she had a discussion with him during which he told her that she could make $250 to $300 a night as a prostitute. On the 20th Miss Taylor saw the defendant again. This time he solicited a man for her. She saw money pass to Torres from the man with whom she committed an act of prostitution. Numerous other acts of prostitution with men procured for her by defendant, and for which he received money, were committed by Miss Taylor on the 21st,

22d, 23d and 24th of August, including the act committed on the 24th, upon which the information is based. No contention is made that the evidence is not sufficient to support the judgment, and we therefore deem it unnecessary to recite the sordid details which appear in the record. It is sufficient to state that the evidence of defendant's guilt was not only sufficient but that it was overwhelming.

Appellant does not question the sufficiency of the evidence to support the judgment but makes a number of contentions in arguing for reversal of the judgment and order.

Appellant's first contention is that the court committed prejudicial error by admitting in evidence testimony that appellant gave narcotics to the prosecuting witness, Sharon Taylor. Appellant argues that the admission of this evidence was contrary to the general rule that evidence of the commission of offenses other than that charged in the information is inadmissible. Respondent in reply argues that this testimony was relevant for the purpose of establishing the mode of operation of the appellant, showing his common plan, pattern, scheme, design or project, and proving his motive and intent. As pointed out by respondent the testimony of both Sharon Taylor, the prosecuting witness, and Sharon Hawley shows that the appellant after recruiting the girls as prostitutes continually and repeatedly furnished them alcoholic beverages and marijuana cigarettes without charge over a period of approximately seven days. Respondent cites *People* v. *Sylvia,* 54 Cal.2d 115, in which the court said at page 119 [4 Cal. Rptr. 509, 351 P.2d 781]:

"While it is true that evidence of other crimes is generally inadmissible (*People* v. *Wade,* 53 Cal.2d 322, 330 [1 Cal.Rptr. 683, 348 P.2d 116]; *People* v. *Albertson,* 23 Cal.2d 550, 576 [145 P.2d 7]; Witkin, California Evidence, § 135, p. 158), there are a number of exceptions to the rule. Thus, evidence of other offenses is admissible if material to the proof of the crime charged (*People* v. *Kynette,* 15 Cal.2d 731, 746 [104 P.2d 794]; *People* v. *Piascik,* 159 Cal.App.2d 622, 628 [323 P.2d 1032]), to show motive, intent or knowledge (*People* v. *Westek,* 31 Cal.2d 469, 480 [190 P.2d 9]), and to show a common plan or scheme (*People* v. *Peete,* 28 Cal.2d 306, 317 [169 P.2d 924]). . . ."

[██] It has been held on numerous occasions in this jurisdiction that evidence of other crimes committed by the defendant is admissible for the purpose of showing a common plan or scheme. (See for example *People* v.*Sylvia, supra;*

*People* v. *Sykes*, 44 Cal.2d 166 [280 P.2d 769] ; *People* v. *Dabb*, 32 Cal.2d 491 [197 P.2d 1] ; *People* v. *Peete*, 28 Cal.2d 306 [169 P.2d 924] ; *People* v. *Bowles*, 178 Cal.App.2d 317 [2 Cal.Rptr. 896] ; *People* v. *Brown*, 170 Cal.App.2d 76, 80 [338 P.2d 504] ; *People* v. *James*, 65 Cal.App.2d 709 [151 P.2d 572].) And it is equally clear that such other crimes do not have to be similar in kind. (*People* v. *Sykes, supra*; *People* v. *Bowles, supra*; *People* v. *Tipton*, 124 Cal.App.2d 213 [268 P.2d 196].)

The trial court at the time the evidence as to the furnishing of marijuana was admitted stated: ''Well, now, ladies and gentlemen, this defendant, of course, as you understand, is charged with the offense alleged in the information, all this type of evidence that is going in, this testimony by this witness with reference to receiving marijuana from the defendant, you will understand that the defendant is not charged here with giving her or providing her with marijuana, but this is being admitted merely for the purpose of showing scheme or plan.''

In its instructions to the jury the court stated: ''Evidence has been introduced of other similar offenses committed by the defendant, and that marihuana was furnished to the prosecutrix. This evidence was admitted for the limited purpose of showing intent, common scheme, plan, or motive of the defendant, and is to be considered by you, if found by you to be true, for that limited purpose only.''

We believe that the testimony with reference to the giving by appellant of marijuana cigarettes to Sharon Taylor was so connected with their relationship of pimp and prostitute that it was admissible to show the manner in which appellant proceeded and acted in inducing her to engage and continue in the acts of prostitution out of which he derived profit.

Appellant's second contention is that the deputy district attorney was guilty of prejudicial misconduct in his argument to the jury in commenting on the evidence that appellant gave Sharon Taylor marijuana cigarettes. This contention is predicated upon appellant's argument that said evidence was erroneously admitted, but in view of the fact that we have concluded that said evidence was properly admitted, there is no merit in this contention.

Appellant next contends that the court erred in denying appellant's motion for a new trial which was urged upon the ground that the jury had been prejudiced by an

unfavorable newspaper article which appeared in the early morning edition of The Sacramento Union on the day the instant case went to the jury. The article is not in the record, but appellant's counsel stated it concerned the slaying of a 16-month-old baby by one George Torres, a brother of appellant, and also outlined the details of the instant case.

The court on a number of occasions during the course of the trial admonished the jury not to read any newspaper articles about the case or listen to any radio or television comment thereon. There is no evidence that the jurors read the article in question, and in the absence of such a showing, it is presumed that the jurors heeded the trial court's admonitions not to read any material relating to the instant case. (*People* v. *Santo,* 43 Cal.2d 319, 331 [273 P.2d 249] ; *People* v. *Feld,* 149 Cal. 464, 477-478 [86 P. 1100] ; *People* v. *Burns,* 109 Cal.App.2d 524, 552 [241 P.2d 308, 242 P.2d 9] ; *People* v. *Brac,* 73 Cal.App.2d 629, 636 [167 P.2d 535] ; *People* v. *Phillips,* 120 Cal.App. 644, 652-653 [8 P.2d 228].)

[■■] It is well settled that the burden is on the appellant to make a showing that the jury's verdict was influenced by any alleged unfavorable newspaper article. (*People* v. *Stroble,* 36 Cal.2d 615 [226 P.2d 330] ; *People* v. *Santo, supra*; *People* v. *Gomez,* 41 Cal.2d 150 [258 P.2d 825] ; *People* v. *Wayne,* 41 Cal.2d 814, 832 [264 P.2d 547].) There is no support in the record to show that the jury's verdict was influenced in any manner. The granting of a motion for a new trial is a matter peculiarly within the discretion of the trial court, and we are satisfied that the court did not abuse its discretion in denying the motion.

Appellant's final contention is that the deputy district attorney was guilty of prejudicial misconduct in making repeated comments on appellant's failure to testify. This contention cannot be sustained.

[■] As stated by this court in the case of *People* v. *Sauer,* 163 Cal.App.2d 740, at page 746 [329 P.2d 962] :

''The provisions of California Constitution, article I, section 13, and Penal Code, section 1323, specifically provide that the failure of a defendant to testify or to explain or deny incriminating facts which have been produced against him may be commented upon by the prosecuting attorney. The constitutional provision provides as follows:

'' '. . . but in any criminal case, whether the defendant testifies or not, his failure to explain or to deny by his testimony any evidence or facts in the case against him may be com-

mented upon by the court and by counsel, and may be considered by the court or the jury. . . .'

"Penal Code, section 1323, provides in part as follows: 'The failure of the defendant to explain or to deny by his testimony any evidence or facts in the case against him may be commented upon by counsel.'

"Numerous cases in this jurisdiction have held that it is proper for the prosecution to point out to the jury that the defendant has failed or refused to take the witness stand and that he has failed to explain or deny incriminating facts which have been produced against him, and especially in cases where the facts concern matters which are peculiarly within the knowledge of the defendant, as in the present case. Such comments by the court or the district attorney do not violate any constitutional rights of the defendant, and the provisions of the above-cited constitutional provision and statute have been held not to violate any provision of the United States Constitution. (*Adamson* v. *State of California,* 332 U.S. 46 [67 S.Ct. 1672, 91 L.Ed. 1903, 171 A.L.R. 1223].) Numerous cases have upheld the right of the district attorney to so comment. [Citing cases.]"

The judgment and order are affirmed.

Van Dyke, P. J., and Peek, J., concurred.