[Crim. No. 3645. Second Dist., Div. Two. Dec. 28, 1942.]

THE PEOPLE, Respondent, v. ALBERT NEWMAN, Appellant.

Chotiner & Chotiner and Albert Jack Chotiner for Appellant.

Earl Warren, Attorney General, Frank Richards, Deputy Attorney General, John F. Dockweiler, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

WOOD (W. J.), J.—Defendant has appealed from a judgment of conviction on count I of the information, in which he was charged with the violation of subdivision 3 of section 337a of the Penal Code, in that on or about May 23, 1942, he received and held the sum of $2 to be wagered upon the result of a horse race. Defendant was found not guilty on count II of the information, in which he was charged with the violation of subdivision 4 of section 337a of the Penal Code.

Police Officer Miller arrested defendants soon after 11:30 a. m. in the morning of the day charged in the information at the corner of 6th and Hill Streets in Los Angeles, after he had seen defendant take $2 from one Axelrod for the purpose of making a wager. The officer testified that a short time before defendant took the money from Axelrod he had gone with another man to the Paramount News Stand, located at 321 West 5th Street, known to be a place where wagers on horse races were received. In a pool hall at the corner above mentioned defendant and Axelrod looked at a scratch sheet of the kind commonly used by bookmakers in Los Angeles, which was in Axelrod's possession, and Axelrod said to defendant, "Here is a parlay bet, one to win and one to show on Connie Ann and Certainty." Defendant took two one dollar bills from Axelrod, placed them in his pocket and went out of the pool hall. He stopped, took a small match box out of his pocket and wrote "Connie Ann and Certainty" on the cover of the box. He put the match box cover in his pocket, whereupon police officers stopped him and took the bills and the match box cover from him. The officer said to defendant, "I just saw you take this $2 bet from the newsboy," and the defendant said, "Well, why don't you arrest the big shots? I am just small fry; I am not anybody. I expect to go to work Friday. I am just hanging around here. I just took this $2.00 bet from Jake." Defendant testified that he received the $2 from Axelrod "to place a bet with the bookmaker" for Axelrod and not for himself.

In contending that the evidence is insufficient to sustain the conviction defendant asserts that the evidence establishes only one transaction and that he was the gratuitous agent of

Axelrod. Subdivision 3 of section 337a of the Penal Code provides that one is guilty of a violation of the section who "gratuitously" receives from another money to be wagered on the result of a horse race. In subdivision 6 it is provided that the section applies to every person who may do any one of the acts specified "in a single instance." There is no merit in the contention.

Upon his conviction defendant asked permission to file a written application for probation. The court denied this request and sentenced defendant to three months in the county jail. The claim of defendant that the court erred in denying his application does not call for extended discussion herein, for defendant in his closing brief "concedes that it is a matter of discretion for the court to determine whether it will summarily deny probation." He concludes his brief by stating that no useful purpose would be served by merely remanding the case to the superior court for the purpose of entertaining an application for probation, "because in so doing the court could entertain the application for probation, then proceed to deny it and impose the same sentence as was given." He states that the point was raised on appeal to indicate that the trial court "seemed to be determined to adjudge the defendant guilty, regardless whether the evidence was sufficient or not." As above shown, the evidence is clearly sufficient to sustain the conviction.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.