[Crim. No. 3805.   Second Dist., Div. Two.   Aug. 25, 1944.]

THE PEOPLE, Respondent, v. GEORGE McGREARY, Appellant.

J. B. Mandel for Appellant.

Robert W. Kenny, Attorney General, and T. G. Negrich, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of robbery in the second degree, after trial before a jury, defendant appeals. There is also an appeal from the order denying his motion for a new trial.

The evidence being viewed in the light most favorable to the People (respondent), and pursuant to the rules announced in *People* v. *Pianezzi,* 42 Cal.App.2d 265, 269 [108 P.2d 732], the essential facts are these:

On the morning of June 11, 1943, when Mr. Thayer, the complaining witness, was at the intersection of Bixel and Wilshire Boulevards in the city of Los Angeles, two men, one of whom was defendant, accosted the complaining witness and robbed him of his purse which contained $14.

Defendant urges reversal of the judgment on three propositions which will be stated and answered hereunder seriatim:

First: *There is not sufficient evidence to sustain the verdict of guilt.*

This proposition is untenable. The complaining witness gave direct testimony of the facts set forth above which was sufficient to sustain the verdict of the jury. Conflicting statements made by other witnesses must be disregarded by us. (*People* v. *Pianezzi, supra.*)

Second: *The trial court erred in receiving evidence relative to defendant's conviction before a juvenile court.*

This proposition is likewise untenable. While defendant was on the witness stand his own counsel questioned him relative to his having been sent to a reformatory in 1939 as the result of having been charged with grand larceny. In view of the fact that the testimony was elicited by defendant's counsel no error in the reception of the same may be urged in this court. (*People* v. *Schoon,* 177 Cal. 678, 683 et seq. [171 P. 680].)

Third: *The trial court committed prejudicial error in not granting defendant's motion for a new trial.*

This proposition is also untenable. Defendant sought a new trial on the ground of newly discovered evidence in that one Beebe would testify that defendant was not present at the time of the commission of the offense of which he was convicted. The showing of newly discovered evidence was clearly insufficient for two reasons: first, there was not a showing that the evidence could not have been produced at the time of defendant's trial; and second, the proffered evidence was merely cumulative of evidence received during the trial.

For the foregoing reasons the judgment and order are and each is affirmed.

Wood (W. J.), J., concurred.