[Crim. No. 4314.   Second Dist., Div. One.   May 13, 1949.]

THE PEOPLE, Respondent, v. RUDOLPH PERTAK, Appellant.

802

Leland E. Zeman for Appellant.

Fred N. Howser, Attorney General, and Henry A. Dietz, Deputy Attorney General, for Respondent.

DRAPEAU, J.—By information defendant was charged with a violation of section 337a, subdivision 3, Penal Code, a felony, to wit: receiving, holding or forwarding bets on horse races. He pleaded not guilty and waived a jury trial. The prosecution's case was submitted on the transcript of the preliminary hearing; defendant testified in his own behalf and the trial court found him guilty as charged. Thereafter, defendant filed an application for probation and moved for a new trial. The motion was denied, and the court pronounced judgment and sentenced defendant to 180 days in the county jail. Execution of the sentence was suspended and defendant was placed on probation for one year upon condition that he pay a fine of $150 within the first three months of his probationary period.

This appeal is taken from the judgment of conviction and from the order denying the motion for new trial on the grounds:

1. The evidence is insufficient to sustain the verdict and the judgment;

2. The motion for new trial should have been granted.

Police Officer Shea testified that about 1 p. m. on July 10, 1948, while sitting at the bar of a café in Los Angeles, he saw appellant "holding numerous conversations with people who were referring to scratch sheets"; and that after these conversations appellant would go to the telephone booth and make telephone calls. That on one occasion, a man sitting at the bar near the witness while referring to a Daily News said to appellant: "Give me two to place on Heel Stay to

Sea Glory," to which appellant replied: "What are you doing? Playing the long shots?" and the man said: "Well, yes. Sea Glory is 15 to 1." That this unknown man then handed appellant a $10 bill, whereupon appellant returned $8.00 in change and went to the telephone booth and made a call. Immediately the witness placed appellant under arrest.

Officer Shea further testified that two national scratch sheets and a racing form for July 10th were on the bar and were being referred to by various persons then in the café, including appellant and the unknown man; that the Daily News was on the bar in front of the man who placed the bet on Heel Stay and Sea Glory, and was open at the front page which listed the entries at Hollywood Park for the day in question, to wit: a horse named Heel Stay running in the first race and Sea Glory running in the second race, with odds 15 to 1.

Appellant denied that a man sitting near him at a cocktail bar on the day of his arrest said to him: "Give me two to place on Sea Glory," and further denied that he took $2.00 from an unknown man as a wager upon a horse race. He testified that "there were four of us in there sitting around for a couple of drinks, because it was just a few days before my birthday." That he did not have a scratch sheet.

In connection with his first point, appellant urges that his guilt was not established beyond a reasonable doubt.

Section 337a, Subdivision 3, Penal Code, makes it a crime to receive, hold or forward "in any manner whatsoever, any money, thing or consideration of value, or the equivalent or memorandum thereof, staked, pledged, bet or wagered . . . upon the result, or purported result, of any trial, or purported trial, or contest, or purported contest, of skill, speed or power of endurance of man or beast, or between men, beasts, or mechanical apparatus, or upon the result, or purported result, of any lot, chance, casualty, unknown or contingent event whatsoever; . . . ."

From the evidence adduced at the trial and hereinabove briefly recited, the trial judge was justified in drawing the inference that the essential elements were present to constitute a violation of the code section.

In *People* v. *Newman,* 56 Cal.App.2d 394 [132 P.2d 539], a conviction of violation of section 337a, subdivision 3, *supra,* was sustained by an officer's testimony that the defendant Newman and a man named Axelrod looked at a scratch sheet of

the kind commonly used by bookmakers, which was in Axelrod's possession; that Axelrod said to defendant, ''Here is a parlay bet, one to win and one to show on Connie Ann and Certainty.'' That defendant took two $1.00 bills from Axelrod, placed them in his pocket and went out of the pool hall. He stopped, took a small match box out of his pocket and wrote ''Connie Ann and Certainty'' on the cover thereof, which he then returned to his pocket. Whereupon police officers stopped him and took the bills and the match box cover from him.

Likewise in *People* v. *Taylor*, 40 Cal.App.2d 324, 326 [104 P.2d 846], wherein ''Appellant received money from several persons on the street. The officer testified that appellant was looking at a scratch sheet with two men, received money from them and went immediately to a telephone booth and phoned two bets. The inference is clear that appellant was phoning a bet for each of these two men. This is the inference the court drew and was justified in drawing. Add to the foregoing appellant's admissions made to the arresting officer and the inference of guilt drawn therefrom by the trial court certainly does no violence to reason. We cannot, therefore, substitute any finding of ours as to such ultimate fact for that reached by the jury, or as here reached by the trial judge without a jury. (*People* v. *Yant*, 26 Cal.App.2d 725, 733 [80 P.2d 506]; *People* v. *Latona*, 2 Cal.2d 714, 725 [43 P.2d 260]; *People* v. *Kneiling*, 127 Cal.App. 151, 153 [15 P.2d 561].) Before a verdict can be set aside it must clearly appear that upon no hypothesis whatever is there in the record substantial evidence to support the judgment. (*People* v. *Tedesco*, 1 Cal.2d 211, 219 [34 P.2d 467].)''

■ Appellant's motion for a new trial was made on the particular ground of newly discovered evidence, i. e., that one Charles C. Canale had presented an affidavit wherein he averred ''he did not at any time enter into a bet or gambling wager with'' appellant. The affidavit of said Canale made in support of appellant's motion avers that he is acquainted with appellant and recently discovered that he (Canale) was the ''unknown person'' referred to by Police Officer Shea in his testimony at the preliminary hearing; that he learned of this fact subsequent to the trial and for that reason was not present at said trial; that ''at no time did he ever make a bet or enter into a gambling wager with Rudolph P. Pertak, the defendant.''

''The claim of newly discovered evidence warranting a new

trial is universally looked upon by the courts with distrust and disfavor. . . . The party who relies upon newly discovered evidence as a ground for a new trial must have made every reasonable effort to produce all his evidence at the trial. He will not be allowed a new trial for the purpose of introducing evidence known to him and obtainable at the time of trial, or which would have been known to him had he exercised reasonable diligence in preparing for and presenting his defense.'' (8 Cal.Jur. §§ 452-453, pp. 427-428.)

The showing of newly discovered evidence was insufficient in the instant cause for the following reasons:

(1) There was no showing that the evidence could not have been produced at the time of the trial. Mr. Canale's affidavit was to the effect that he was acquainted with appellant and also that he was present in the café at the time the alleged wager was made.

(2) The proffered evidence was merely cumulative of evidence received during the trial, to wit: the testimony of appellant that no wager was made at the time in question. See *People* v. *McGreary*, 65 Cal.App.2d 571, 572 [151 P.2d 13].

Since the evidence presented was sufficient to sustain the judgment, and no abuse of discretion has been shown on the part of the trial court in denying the motion for new trial, the judgment and order are affirmed.

White, P. J., and Doran, J., concurred.