[Civ. No. 9590.   Third Dist.   Apr. 30, 1959.]

HAL T. HYLTON et al., Appellants, v. CLYDE BADGLEY
et al., Respondents.

Stanley Brooks, for Appellants.

Edwin C. Iliff and Pugh & Webster for Respondents.

WARNE, J. pro tem.*—Plaintiffs appeal from a judgment in favor of defendants in an action brought to recover an alleged balance due on a promissory note.  In their complaint they allege that in 1949 defendants Clyde Badgley and Dora E. Badgley executed and delivered a certain promissory note to plaintiffs, and that a balance in the sum of $1,849.67 was still due on the note.  It was further alleged that said note was secured by a deed of trust on the interest of defendants in certain real property in Tehama County, said interest being an undivided one-third interest of the defendant Clyde Badgley as partner in the partnership known as Fire Mountain

*Assigned by Chairman of Judicial Council.

Lodge, consisting of the defendant Clyde Badgley, the plaintiff Hal T. Hylton, and one Chester E. Badgley, to which said partnership said real property belonged; that the security became valueless by reason of the sale of all the right, title and interest in and to said property to plaintiff Hal T. Hylton pursuant to the decree dissolving said partnership in Action Number 8695 filed in the Superior Court of Tehama County for dissolution of said partnership; and that said decree recited that said Hal T. Hylton would be entitled to full payment of the note.

Defendants, in their answer, allege that the decree provided that the plaintiffs should become entitled to full payment of said promissory note only out of the proceeds of the sale of the partnership assets as ordered by the court; that the note was given as a portion of the purchase price of the real property described in said trust deed; that said real property had been sold to satisfy said obligation; that all the rights of the parties, including the obligation on the promissory note, were determined and adjudicated in the action dissolving the partnership; and that the final decree granting plaintiff Hal T. Hylton judgment against defendant Clyde Badgley for $47.35 is now res adjudicata. As an affirmative defense and by way of counterclaim, defendants ask $3,000 allegedly due them by the decree of the court which defendents claim had never been paid.

By these pleadings the issues were thus joined.

By stipulation the matter was tried by submission of testimony in the form of affidavits and the matters put in evidence in conformity with the terms of the pretrial conference order. The pretrial order does not include a statement of the matters agreed upon by respective counsel but does show that the interlocutory decree in the case of *Hylton* v. *Badgley,* Tehama Superior Court Number 8695, was received as plaintiffs' Exhibit Number 1-A; that the final decree of dissolution in said case was received as plaintiffs' Exhibit Number 1-B; and that the contract of sale dated June 27, 1953, was received as plaintiffs' Exhibit Number 2.

The trial court in the instant case found that the promissory note in question was secured by a deed of trust upon the real property upon which the "Fire Mountain Lodge" was situated and was given as part payment by defendants to plaintiffs for a one-third interest in the said lodge; that the defendants became partners in the operation of said lodge; that the partnership was subsequently dissolved pursuant to a decree

of the superior court of Tehama County in said Action Number 8695; that pursuant to said decree the partnership's assets were sold, and the court decreed that plaintiffs should be entitled to payment in full of the principal and interest due on said promissory note out of the proceeds of the sale; that plaintiffs purchased the Fire Mountain Lodge at the dissolution sale, and as consideration therefor, acknowledged satisfaction of certain claims, including the claim against the defendants to the extent of $11,277.20; that pursuant to the terms of said interlocutory decree of dissolution the court further found that the defendants were entitled to $3,000 for advances made to said partnership; that the defendants never received the said $3,000 due them from the proceeds of the dissolution sale; that no accurate accounting of the proceeds of the dissolution sale were ever made; and that the court in its final decree in Action Number 8695 recited "that all of its said orders and decrees have been carried out duly."

As conclusions of law the trial court, among other things, found that all claims of plaintiffs against defendants, including the claim for any balance due on said promissory note, were fully adjudicated in Action Number 8695, insofar as the present action is concerned.

The interlocutory decree in the former action, after providing for the sale of the partnership assets and good will then ordered that: "The ultimate proceeds of sale shall first be applied to the repayment of individual advances subsequent to the formation of the partnership, namely: to plaintiff, $21,-193.91; to C. Earl Badgley, $4,727.25; to Clyde Badgley, $3,000.00 . . . However, immediately upon such sale, plaintiff shall be entitled to payment in full of two notes, each in the principle [sic] amount of $12,666.67, one executed by each of said defendants, with such interest thereon as shall be then due and unpaid. For the sums thus due from each of said defendants, plaintiff shall have a lien up to the amount thereof on the share of each defendant as above determined, and shall be paid from the proceeds of said sale accordingly."

And the final decree states: "And pursuant to the said terms of the said Interlocutory Decree, the said court made its Further Interlocutory Decree, . . . appointing Milton Hull as receiver of the said assets of the partnership and directing him to sell the same upon certain terms, and . . . according and pursuant to the terms of all of said orders and decrees, said Milton Hull as such receiver sold to said Hal T. Hylton all of the said partnership assets, both real and personal, by virtue

of a written Contract of Sale approved by the said court . . .;

"And the court now finding that all of the terms of all of its said orders and decrees have been carried out duly.

"It Is Therefore Ordered, Adjudged and Decreed that the said partnership of the said partners, known as Fire Mountain Lodge, is hereby finally dissolved; and that plaintiff recover from defendants his court costs in the amount of $47.35; . . ."

■ Reading the two decrees in the former action together, it seems clear to us that the court's statement "that all of its said orders and decrees have been carried out duly" can only mean that the note in question had been paid in full. This conclusion is fortified by the fact that the court allowed plaintiffs nothing more than their costs amounting to the sum of $47.35. Hence it appears that the subject matter was finally adjudicated in the former action. If the trial court erred in the former action, plaintiffs' remedy was by appeal from the judgment entered therein, not by a separate action to recover on the note.

Since the conclusions we have reached as hereinabove stated dispose of this appeal, we do not deem it necessary to discuss the other points urged.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied May 26, 1959.